## KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY *v.* DAUGHTRY.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 1361. Submitted January 19, 1891. — Decided February 2, 1891.

When an issue of fact is raised upon a petition for the removal of a cause from a state court to a Circuit Court of the United States, that issue must be tried in the Circuit Court.

The statutes of the United States imperatively require that application to remove a cause from a state court to a federal court should be made before the plea is due under the laws and practice of the State; and if the plaintiff does not take advantage of his right to take judgment by default for want of such plea, he does not thereby extend the time for application for removal.

The statutes of Tennessee require the plaintiff to file his declaration within the first three days of the term to which the writ is returnable and the defendant to appear and demur or plead within the first two days after the time allotted for filing the declaration. After due service of the writ, the plaintiff's declaration was filed within the prescribed time. The defendant three days later pleaded the general issue, and, after the lapse of four terms, filed a petition in the state court for removal on the ground of diverse citizenship. This was denied, and exceptions taken. The Supreme Court of the State upheld the refusal, passing upon the question of citizenship as an issue of fact. *Held,*

(1) That that court had no jurisdiction over that issue of fact;

(2) But that, as the application for removal was made too late, its denial was right as matter of law, and the judgment of that court should be affirmed.

MOTION to dismiss or affirm. The case is stated in the opinion.

*Mr. Luke E. Wright* and *Mr. George Gantt* for the motion.

*Mr. Wallace Pratt* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action commenced in the Circuit Court of Shelby County, Tennessee, by R. S. Daughtry as administrator of John W. Daughtry, deceased, against the Kansas City, Fort Scott and Memphis Railroad Company and the Kansas City, Memphis and Birmingham Railroad Company on the 16th of August, 1888, for the recovery of damages for the death of John W. Daughtry, alleged to have been occasioned by the negligence of defendants. The summons was returnable on the third Monday of September, 1888, and alleged as to the defendants, "both of which are railroad corporations conducting business in Shelby County, Tennessee, with offices and agencies in said county and State." The return of the sheriff was as follows: "Came to hand 16th day of August, 1888. Executed on the Kansas City, Fort Scott and Memphis Railroad Company by reading the contents of this writ to J. H. Sullivan, sup't of said railroad co., he being the highest officer to be found in my county, and executed on the Kansas City, Birmingham and Memphis Railroad Company by reading the contents of this writ to J. H. Sullivan, sup't, he being the highest officer of said co. to be found in my county. This 23d day of August, 1888."

The declaration was filed September 17, 1888, and averred, in the first count, defendants to be "corporate persons, doing business as such in Tennessee (under license and by consent of the State);" and in the second count described the defendant corporations as "doing business in Tennessee as aforesaid." It was also alleged in the first count that defendants "are and were on and prior to the 16th of August, 1888, engaged in operating important lines of railway under one common or

general management, with depots and terminal facilities in the taxing district of Shelby County;" and in the second count, that "on or about the 12th day of August, 1888, defendant companies were operating cars and engines on their railroad lines leading into the taxing district of Shelby County."

The statutes of Tennessee provide as follows:

"4238. The declaration of the plaintiff shall be filed within the first three days of the term to which the writ is returnable, otherwise the suit may, upon motion of the defendant, be dismissed at plaintiff's cost.

"4239. The defendant shall appear and demur or plead within the first two days after the time allotted for filing the declaration, otherwise the plaintiff may have judgment by default.

"4240. The plaintiff and defendant shall, within the first two days after each subsequent step taken by the other in making up an issue, demur or plead thereto, on penalty of having the suit dismissed or judgment taken by default, according as the failure is by the plaintiff or defendant.

"4241. The court may, however, enlarge the time for pleading, upon application of either party, in proper cases, or excuse the failure to plead within the time prescribed, upon good cause shown." 2 Thompson and Steger's Tenn. Stats. 1871, p. 1714 et seq.; Milliken and Vertrees' Code of Tenn. 1884, p. 949; in which edition of the code the sections are numbered respectively 5010, 5011, 5012 and 5013.

The declaration was filed on the first day of the term to which the writ was returnable, and the defendants' pleas were due during that week. Upon the 25th of September the Kansas City, Memphis and Birmingham Railroad Company filed its plea of the general issue. The Circuit Court of Shelby County had five regular terms, "commencing on the third Mondays in January, March, May, September and November of each year." Acts Tenn. 1883, p. 257; Milliken and Vertrees' Code, § 129, p. 49.

On the 29th of May, 1889, after the lapse of four terms, the Kansas City, Fort Scott and Memphis Railroad Company filed

its petition and bond for the removal of the suit to the Circuit Court of the United States, for the Western District of Tennessee. This petition commenced: "Comes your petitioner, the Kansas City, Fort Scott and Memphis Railroad Company, and shows to the court" that the matter in dispute, exclusive of interest and costs, exceeds the sum or value of $2000; "that the controversy in said suit is between citizens of different States; that your petitioner, the Kansas City, Fort Scott and Memphis Railroad Company, was at the time when this suit was commenced and still is a corporation created and existing under and by virtue of the laws of the States of Missouri, Arkansas and Kansas and was and still is a citizen of said States; that the plaintiff, R. S. Daughtry, administrator, was at the beginning of this suit and still is a citizen and resident of the State of Tennessee;" that there is in the suit a controversy wholly between the administrator and the petitioner, which can be fully determined as between them without the presence of petitioner's co-defendant; "that its said co-defendant, the Kansas City, Memphis and Birmingham Railroad Company, is a corporation created and existing under and by virtue of the laws of the State of Tennessee, and that it is a citizen thereof;" that the acts alleged to have been done jointly by petitioner and its co-defendant were, if done at all, done by petitioner alone, and its co-defendant did not at the time, and "does not now, and never did, own, possess, control or use the said railroad track upon which said acts were done," etc.; "that the said Kansas City, Memphis and Birmingham Railroad Company has been joined in this action as a nominal party defendant for the sole purpose of preventing your petitioner from removing this case to the Circuit Court of the United States."

Upon the first of June, 1889, the affidavit of Daughtry, the administrator, was filed, stating "that he is a citizen of the State of Arkansas and has been a citizen of said State for the last ten years; that all beneficiaries in said suit are also citizens of the State of Arkansas and have been for the last ten years." On that day the state circuit court entered this order:

" This day the defendant, the Kansas City, Fort Scott and Memphis Railroad Co., presented to the court its petition and bond to remove this case to the Circuit Court of the United States for the Western Division of the Western District of Tennessee, which was filed herein on May 29th, 1889; and the court, having duly considered said petition, together with the affidavit of R. S. Daughtry filed herein June 1st, 1889, and heard argument of counsel, is of the opinion that upon said petition and affidavit said defendant is not entitled to the order of removal prayed in its said petition, and its application in that behalf is denied and said defendant is allowed one day to plead to the merits; to all of which the said Kansas City, Fort Scott and Memphis Railroad Company, by its attorney, excepts and asks that its exceptions be noted of record, which is accordingly done."

Thereupon, on the 6th day of June, the cause came on for trial before a jury duly empanelled, and on the 7th was dismissed by plaintiff as against the Kansas City, Memphis and Birmingham Railroad Company. Verdict and judgment then passed in favor of the plaintiff and against the Kansas City, Fort Scott and Memphis Railroad Company, whereupon the latter took the cause by appeal to the Supreme Court of Tennessee, where, among other errors assigned, was one that " it was error to refuse to order the case removed to the Circuit Court of the United States." The judgment of the circuit court of Shelby County was affirmed by the Supreme Court of Tennessee, which, as to the question of removal, referred to the case of *Railway Companies* v. *Hendricks, Adm'r*, just disposed of by it, as governing that question. Both cases are reported in 88 Tennessee (4 Pickle) 710, 721. The cause was brought to this court by writ of error, and a motion to dismiss or affirm has been made by the defendant in error.

The Supreme Court of Tennessee was of opinion that it was competent for the state circuit court to pass upon the issue of fact made by the affidavit of Daughtry upon the statement in the petition in regard to his citizenship, and to retain the suit, because on that issue the railroad company had not shown that he was a citizen of Tennessee; but it is thor-

oughly settled that issues 'of fact raised upon petitions for removal must be tried in the Circuit Court of the United States.   *Crehore* v. *Ohio & Mississippi Railway,* 131 U. S. 240; *Burlington, Cedar Rapids &c. Railway* v. *Dunn,* 122 U. S. 513; *Carson* v. *Hyatt,* 118 U. S. 279.   In *Louisville & Nashville Railroad* v. *Wangelin,* 132 U. S. 599, the case came before us on a writ of error, bringing under review the judgment of the Circuit Court remanding the cause to the state court, and the language of the opinion has no relation to the action of the latter court.

It is true that the petition was not verified, contrary to good practice, and that Daughtry's affidavit was explicit, so that if the record had been filed in the Circuit Court, the cause would, as it then stood, have been remanded, but this would not justify the state court in acting upon the facts, though it arrived at the same result.   If, however, the denial of the application was right as matter of law, the judgment should not be reversed.   And it is apparent that if the service of process upon the defendant was sufficient, a plea was required from it at the September term, 1888, and that its application for removal came too late, for section 3 of the act of Congress of March 3, 1887, as corrected by the act of August 13, 1888, provides that the party desiring to remove must file his petition "at the time, or any time before the defendant is required by the laws of the State or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff."   24 Stat. c. 373, p. 554; 25 Stat. c. 866, p. 435.

The statute is imperative that the application to remove must be made when the plea is due, and because a plaintiff in error does not take advantage of his right to take judgment by default, it cannot be properly held that he thereby extends the time for removal.   The lapse of four terms before the petition was filed dispenses with argument on this question, if the petitioner was properly in court.

The law of Tennessee relating to service of process on corporations is embraced in the following section:

"2831.   Service of process on the president or other head of

a corporation, or, in his absence, on the cashier, treasurer, or secretary, or in the absence of such officers, on any director of such corporation, shall be sufficient.

"2832. If neither the president, cashier, treasurer or secretary resides within the State, service on the chief agent of the corporation, residing at the time in the county where the action is brought, shall be deemed sufficient.

"2833. If the action is commenced in the county in which the corporation keeps its chief office, the process may be served on any one of the foregoing officers, in the absence of those named before him.

"2834. When a corporation, company, or individual has an office or agency in any county other than that in which the principal resides, the service of process may be made on any agent or clerk employed therein, in all actions growing out of or connected with the business of the office or agency.

"2834a. That sections 2831, 2832, 2833, 2834 be so amended, that hereafter when a corporation, company or individual has an officer or agency, or resident director in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought against said company growing out of the business of, or connected with said company or principal's business. Act 1859–1860, c. 89, sec. 1.

"2834b. The provisions of this act shall only apply to cases where the action is brought in such counties as such agency, resident director, or office is located." Ib. sec. 2. 2 Thompson and Steger's Stats. Tenn. 1871, pp. 1190, 1191; Milliken and Vertrees' Code Tenn. p. 660. In this edition of the code these sections are numbered respectively 3536–3539.

On the 29th of March, 1887, an act was passed by the legislature of Tennessee, entitled "An act to subject foreign corporations to suit in this State," (Acts 1887, p. 386,) which defendant in error contends should control here; but in *Telephone Co.* v. *Turner*, 88 Tennessee (4 Pickle) 265, it was held that this act did not apply to foreign corporations having an office and resident agent in the State, and already subject to suit, but only to such foreign corporations as engaged in

business in the State without such office and agent; that it was not a limitation but an enlargement of the jurisdiction over foreign corporations; and that sections 2831, 2832, 2833 and 2834 of the code regulated the mode in which corporations might be sued, and applied equally to domestic and foreign corporations having an office or agency and a resident local agent in the county in which suit was brought. We perceive no reason for declining to accept the conclusions of the Supreme Court of the State upon this subject, and the act of 1887 need not, therefore, be considered.

From the summons it appeared that the two defendants were railroad corporations conducting business in Shelby County, Tennessee, with offices and agencies in that county and State; from the petition for removal that the petitioner was a citizen of the States of Missouri, Arkansas, and Kansas; and from the return, that J. H. Sullivan, superintendent of the petitioning railroad company, was the highest officer of that company to be found in Shelby County.

The return, in its statement that the superintendent was the highest officer of the company to be found in the county, excluded the assumption that others were or could have been so found, and, indeed, while there may be exceptions, officers of a foreign corporation, of the character of president, cashier, treasurer and secretary, do not ordinarily reside in a State of which the corporation is not a citizen. At all events, a return that a party is not to be found is regarded in Tennessee as more correct than a return of not found, because indicative of proper exertion to find him, *Hill* v. *Hinton*, 2 Head, 124; and it has been distinctly laid down that service on the chief agent of a corporation, residing in the county, is sufficient, although the return does not show that the president or other head of the corporation, or the cashier, treasurer, secretary or director thereof, were absent or non-resident, and that " the presumption in all such cases, is, that until the contrary is made to appear, the sheriff has done his duty, and has served the process upon the proper party." *Wartrace* v. *Wartrace &c. Turnpike Co.*, 2 Coldwell, 515.

At common law, service was made on such head officer of a

corporation as secured knowledge of the process to the corporation, and the provisions of this statute seem constructed *ex industria* to increase the number of officers or agents, service upon either of whom would be sufficient. In view of the State legislation and decisions, service upon the highest officer of the corporation to be found in the county, and that officer the superintendent there, was within the spirit of the rule and the intent and meaning of the statute.

The petition for removal did not question the sufficiency of service, and the state court apparently assumed it to be sufficient, for it allowed but one day to plead to the merits.

Under all the circumstances, we hold that the application came too late, and the judgment is, therefore,

*Affirmed.*