## PEOPLE'S BANK OF GREENVILLE v. AETNA INS. CO.

(Circuit Court D. South Carolina. December 7, 1892.)

1. REMOVAL OF CAUSES—PETITION—TIME OF FILING—STATE PRACTICE—PLEADING.

Under Code Civil Proc. S. C. §§ 164, 195, 405, and by rule 14 of the state circuit court, a defendant must demur or answer a complaint within 20 days after the service thereof, unless such time has been extended by an order of court or judge, or by an agreement of plaintiff, reduced to the form of an order by consent entered, or by a writing signed by plaintiff or his attorney; and a petition and bond for removal to a federal court are in time if filed within the time thus extended.

2. SAME—BOND—SUFFICIENCY.

Where the bond filed with a petition for the removal of a cause to a federal court is executed by two responsible persons, and the condition thereof is complied with, the statute requiring that "a bond, with good and sufficient surety," must be made and filed by the party desiring removal is substantially fulfilled, although such bond is not signed by the party seeking removal.

At Law. Action by the People's Bank of Greenville, S. C., against the Aetna Insurance Company, on a money demand. The cause was removed from the state court of common pleas, and is now heard on motion to remand. Denied.

G. G. Wells, for the motion.

J. H. Heyward, opposed.

SIMONTON, District Judge. This is a motion to remand. The action began in the court of common pleas for Greenville county, S. C., by summons and complaint, on a money demand. The summons and complaint were served on the defendant on September 17, 1892. On the 4th day of October, 1892, 18 days after service, the plaintiff's attorney agreed with the defendant's attorney, in writing, signed by them, to extend the time to answer until 23d of October. On the 20th of October the defendant entered a general demurrer to the complaint, and on the same day the petition for removal, with bond, was filed in the state court. The motion to remand is upon the ground that the petition for removal was not filed "before the defendant was required by the laws of the state, or the rule of the state court, to answer the complaint of the plaintiff."

The question, then, is, within what time is the defendant required by the laws of the state of South Carolina, or by the rule of the state court, to answer a complaint? The answer to this question cannot be found in decisions of courts sitting in other states. The act of congress prescribes but one rule, the laws of the state in which the suit is brought, or the rule of the state court. We must find the solution of the question in the laws and the rule of the court of South Carolina. We can find it nowhere else.

The Code of Procedure of South Carolina (section 164) provides:

"The only pleading on the part of the defendant is either a demurrer or an answer. It must be served within twenty days after the service of a copy of the complaint."

This rule is not inflexible. Section 195 of the same Code provides:

"The court may likewise, in its discretion, or upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or, by an order, enlarge such time."

So, also, section 405:

"The time within which any proceeding in an action must be had after its commencement, except the time within which an appeal must be taken, may be enlarged upon affidavit showing grounds therefor by a judge of the court."

Reading these sections as in pari materia together, it appears that, under the statute law of South Carolina, a defendant is required to answer or demur to the complaint within 20 days after service of a copy thereof upon him, unless the time has been enlarged by the court or a judge thereof. In this case there was no such order of court or of a judge thereof; but there is a written agreement to enlarge the time, signed by the attorneys of the plaintiff. Rule 14 of the circuit court provides that—

"No private agreement or consent between the parties or their attorneys in respect to the proceedings in a cause shall be binding unless the same shall have been reduced to the form of an order by consent and entered, or unless the evidence thereof shall be in writing, subscribed by the party against whom the same shall be alleged, or his attorney or counsel."

It would seem from this rule that "the writing subscribed by the party against whom the same shall be alleged, or his attorney or counsel," has the same force and effect as if the agreement had "been reduced to the form of an order, by consent, and entered," and that it is a substitute therefor. If, then, we inquire, "When must a party defendant demur or answer to a complaint?" the answer must be, "Within 20 days after the service of a copy thereof upon him, unless his time has been enlarged by an order of the court or of a judge thereof, or by an agreement of the plaintiff, reduced to the form of an order by consent entered, or by a writing, subscribed by the plaintiff or by his attorney or counsel." As is said by the supreme court in Railroad Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. Rep. 306, "the application to remove must be made when the plea is due," unaffected by any inaction on the part of the plaintiff. And, if we inquire when the demurrer or answer in this case was due, we find that the parties, acting under the authority of the statute and rule of court in South Carolina, and pursuing one of the methods therein pointed out, have agreed that the demurrer or answer is not due until the 22d day of October, 1892, two days after the date of the filing of this petition.

The counsel for the defendant, resisting the motion to remand, presents an original and striking point. Construing the statute as using the words in their technical sense, he contends that, in those tribunals in which the declaration issued, the time for removal is limited to the period within which, by the laws or rule of court of the state, the defendant must plead thereto, and that, in those states in which the complaint or petition is used, the defendant has until the time prescribed within which he must file, not his defense or objection or proceedings, but his answer; that is to say, he can ex-

haust his exceptions to the form of the complaint by motions to make definite and certain, or by demurrer thereto; and not until he has been required to answer, using this word to mean the technical answer, does the time within which he must pray removal begin. There would seem to be much force in the position. Were its decision necessary to this case, it would be discussed, but we rest upon the ground first stated.

An objection was raised at the hearing to the bond. It is not signed by the defendant, but it is executed by two responsible persons. The act of congress says that the party desiring removal must, with his petition, to this end make and file therewith a bond with good and sufficient surety for his or their entering into the circuit court, on the first day of its then next session, a copy of the record, etc. Strictissimi juris, if a party make a bond, it should be his bond. But the condition of this bond has already been complied with. It had ample surety. The statute is substantially complied with. The motion to remand is refused.