WILCOX & GIBBS GUANO CO. v. PHOENIX INS. CO. OF BROOKLYN. CHARLESTON BRIDGE CO. et al. v. AMERICAN FIRE INS. CO.  MT. PLEASANT & S. I. FERRY CO. v. HOME INS. CO. OF CITY OF NEW YORK.  CHARLESTON BRIDGE CO. et al. v. SAME.  SAME v. PHOENIX INS. CO.

(Circuit Court, D. South Carolina.  April 5, 1894.)

1. REMOVAL OF CAUSES—TIME OF REMOVAL—EXTENSION OF TIME TO PLEAD.
    When the time within which defendant is required by the state statute to answer or plead is extended by special order of the court, a removal may be had under the act of 1888, within the extended period.  Spangler v. Railroad Co., 42 Fed. 305, disapproved.

2. SAME—CITIZENSHIP—CORPORATIONS.
    When the petition shows that defendant is a corporation of another state, it need not allege that it is a nonresident of the state in which the suit is brought, and of which plaintiff is a citizen.  Shattuck v. Insurance Co., 7 C. C. A. 386, 58 Fed. 609, followed.

3. SAME—EFFECT OF REMOVAL—DEFAULT FOR ANSWER.
    An order was entered in the state court February 5th, extending the time for answer to March 10th.  The petition for removal was filed February 10th, the ground being diverse citizenship.  The state court was not asked to approve the petition and bond until March 20th, when it was immediately done, and the record thereafter filed in the federal court.  *Held* that, as the ground of removal was diverse citizenship alone, the mere filing of the petition and bond worked a change of jurisdiction, and that, as defendant had allowed the time for answer to expire before filing the record in the federal court, that court must hold him in default for answer.

4. PRACTICE—EXTENDING TIME FOR ANSWER.
    Enlarging the time for answer does not operate as a "stay of proceedings," within the meaning of the South Carolina statute (Code Proc. § 402, subd. 6), and hence no notice to the adverse party is required, but the order may be made on ex parte motion and affidavit, under section 405 of the Code.

These actions were brought in a state court, and thence removed to this court by defendant.  They are now heard together on motion to remand.

Bryan & Bryan, Ficken & Hughes, and Buist & Buist (Mitchell & Smith, of counsel), for plaintiffs.

Trenholm, Rhett & Miller, for defendants.

SIMONTON, Circuit Judge.  These are motions to remand the causes to the state court.  In each of them the same question is presented.  In the second case an additional ground for removal peculiar to it is suggested.  The plaintiff began several actions in the court of common pleas for the county of Charleston, S. C., against the several defendants, by summons and complaint.  The complaint of the Mt. Pleasant & Sullivan's Island Ferry Company was served on the defendant named therein on 25th January, 1894.  The complaints in all the other cases were served on the defendants named in them, respectively, on 27th January, 1894.  On 5th February, 1894, his honor, D. A. Townsend, a circuit judge of the state of South Carolina, out of term extended the time in which the defendants could file their answers in these several cases to 10th March, 1894.

The petitions for removal into this court were each filed with the clerk of the court of common pleas for Charleston county more than 20 days after the service of the several complaints upon the defendants, but within the period to which Judge Townsend had extended the time for answering; that is to say, some on 24th February, others on 5th March, 1894. The petition and bond in each case were presented to the court of common pleas at Charleston, were approved, and an order removing the cause entered. No further steps having been taken by the defendants, the plaintiffs, on 23d March, 1894, filed a transcript of the record in this court in each case, and thereupon, in each case, made a motion to remand the cause. Various grounds were set up in support of the motions.

First. The act of congress of 1887–88 (25 Stat. 435, § 3) requires the person desiring to remove a suit from the state court to this court "to make and file a petition in such suit in such state court at the time or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration of complaint of the plaintiff." The Code of Civil Procedure of South Carolina requires a defendant to make his defense to a complaint within 20 days after the service thereof, and, in order to secure a removal of the cause, the petition and bond must be filed within this period. The extension of time allowed by the judge does not extend the period within which the petition for removal must be filed. In People's Bank of Greenville v. Aetna Ins. Co., 53 Fed. 161, a motion similar to these was made upon grounds essentially the same, and the motion was not granted. Counsel have asked a reconsideration of this case. The grounds upon which that case was decided have been carefully reconsidered; all the authorities quoted by counsel and others within reach have been examined. When is a defendant required, by the laws of South Carolina, to answer or plead to the complaint of a plaintiff? The Civil Code of Procedure has these provisions on this subject:

"The only pleading on the part of the defendant is either a demurrer or an answer. It must be served within twenty days after the service of a copy of the complaint." Section 164.

"The time within which any proceeding in an action must be had after its commencement, except the time within which an appeal must be taken, may be enlarged upon an affidavit showing grounds therefor by a judge of the circuit court." Section 405.

When, then, is a defendant required, by the laws of South Carolina, to file his defense; that is, any defense whatever? Gerling v. Railroad Co., 14 Sup. Ct. 538. "Required;" that is to say, when is this act "rendered necessary or indispensable?" Cent. Dict. Until that period has elapsed he is not in default. Therefore, one test by which this question can be answered is, when does the defendant come in default? One is required to do an act when he must do it or suffer consequences. Up to the expiration of the time within which he may do the act he is safe. When that time expires he suffers the penalty. Under the laws of South Carolina, if a defendant, during the 20 days after service of the complaint,

obtain no order enlarging the time for making defense, he will be in default if he do not file it within that period; but, if he have an order enlarging that time, he is not in default until the end of the time allowed him. Until then he is not obliged to make any defense whatever. He is not in default. He suffers no consequences. His right of removal has not been lost. This is the conclusion reached by this court as the law of the circuit in the case of People's Bank of Greenville v. Aetna Ins. Co., 53 Fed. 161. The same rule prevails in the second circuit, where the same Code of Procedure exists as in South Carolina. Rycroft v. Green, 49 Fed. 177. This would also seem to be Judge Hammond's opinion in Turner v. Railroad Co., 55 Fed. 689. And if the test be, when is the defense due? this would seem to be the result of Railroad Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306. The point made has not been decided by any court of paramount authority. The learning and research of counsel have brought to the attention of the court a number of cases in circuit courts of the United States, nearly all of them in the eighth and ninth circuits. An examination of these cases shows that in very few of them, not exceeding two, the precise question involved in this case was decided, although the learned judges in many of them indicate opinions valuable indeed, but not conclusive on the point. Thus, in Delbanco v. Singletary, 40 Fed. 177, Judge Sabin, of Nevada, holding the circuit court, held that when defendant had filed a demurrer to a complaint which was sustained, and, the plaintiff having had leave to amend, leave was given to defendant to file his answer to amended complaint in 20 days, and the amended complaint was filed, and thereupon defendant filed his petition to remove, he was too late. We see in this case that, defendant having, during the period within which he was allowed to make his defense, an election of his forum, and having selected the state forum, the right of election ended. The right of removal was lost, and the indulgence of the state court could not restore it. To the same effect is the case of McDonald v. Mining Co., 48 Fed. 593. The supreme court of the United States in the case of Gerling v. Railroad Co., 14 Sup. Ct. 533, above quoted, construes the removal act, when it uses the words, "within which to file answer or plea," as meaning not the technical answer or plea, but any defense whatever; and so, when a plea in abatement or other dilatory pleading is used, or a demurrer filed, this act terminates the right of removal after the period has expired. In Velie v. Indemnity Co., 40 Fed. 545, Judge Jenkins, eastern district of Wisconsin, remanded a cause, it appearing that the petitioner allowed the statutory period to elapse before putting in his petition for removal, relying on a stipulation with the plaintiff. The act of congress limits the time as provided by laws of the state. The stipulation between or consent of parties cannot repeal the law of the state, or give this court jurisdiction. In Hurd v. Gere, 38 Fed. 537, the defendant, after the time to answer had expired, obtained, contrary to the practice of the court, an ex parte order extending his time to answer, and then filed his petition. The case was remanded. The defendant having come within the terms of the act of congress, the state courts

could not assist him by a valid order, still less by one that was invalid. In Austin v. Gagan, 39 Fed. 626, Sawyer, J., California, very properly held that a stipulation between parties could not extend the time fixed by act of congress, and by its terms limited to the provisions of the laws of the state. So, also, Martin v. Carter, 48 Fed. 596, decides the same point in the same way; and in Rock Island Nat. Bank v. J. S. Keator Lumber Co., 52 Fed. 897, the same judge (Knowles), in the same court, held that a stipulation between parties, made after the time for answering had expired, could not give the right to remove. In Dixon v. Telegraph Co., 38 Fed. 377 (Sawyer, J.), not only had the time for answering expired, but no order for extension of time was shown. But one of the cases quoted by counsel is on all fours with the case at bar,— Spangler v. Railroad Co., 42 Fed. 305 (Philips, J., W. D. Missouri). There an action was brought in the state court, returnable to October term, 1889. Under the state statute, defendants are required to answer on or before the third day of the term, unless longer time be granted by the court. On the first day of the term, defendant obtained an enlargement of the time to answer until 1st of November following. On 30th October he filed his answer, and on the same day filed a petition to remove. The case was remanded. With all deference, the reasoning of the learned judge is not satisfactory. He is misled by the supposed analogy of the act of 1875 and the decisions thereunder; and in this he follows the obiter dicta of many of the judges in the cases above referred to. The act of 1875 required the petition for removal to be filed at or before the first term at which the case could be tried. This is a distinct, fixed, inflexible period, unaffected by any indulgence allowed in the state statutes for want of ability to try at the first term. Indeed, it is fixed without reference to any such statutes. Of course, no order of the state court indulging the defendant could affect this rule. The very fact of the granting such indulgence by order shows that but for it the case could have been tried, and that nothing prevented the trial but the convenience of parties. But in the case before us there is no such positive, inflexible provision. The period is that within which the defendant is required—within which it is necessary or indispensable for him—to answer or plead. This period the laws of the state leave, in some measure, within the discretion of the judge; and the defense is due (Railroad Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306) at the end of the time allowed by the judge under the provisions of the law.

The next ground upon which the motion to remand is made is that it does not appear affirmatively that the defendants are not residents of this state. The defendants are sued in each complaint, respectively, as corporations of the state of New York. The petition states that at the time suit was brought, and at the time of the filing of the petition, the corporation is a corporation of the state of New York. It does not in any case state that it is a nonresident of the state of South Carolina. Some cases on circuit hold that this last fact should have been stated, for non constat it may, since the filing of the complaint, have become a corporation of the state of

South Carolina. Apart from the fact that, even were this the case, the South Carolina corporation was not sued, and that, if it had been called into existence after suit commenced, it could not be bound by the suit without amendment, and apart, also, from the maxim, "conclusio unius exclusio alterius," the very question has been authoritatively settled in the circuit court of appeals. Shattuck v. Insurance Co., 7 C. C. A. 386, 58 Fed. 609. The point is not well taken. A corporation is a resident only in the state of its creation. Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935.

The next point is that the petition is for the removal into the circuit court of the United States for the eastern district of South Carolina. Strictly, it should have been into the district of South Carolina, the circuit court having jurisdiction over the whole district of South Carolina. But the plaintiffs themselves have filed the record, and have made their motions in this court. They have not been misled. The record is here. This court has been asked by the plaintiffs to take cognizance and jurisdiction over it. The defendants have fulfilled one of the conditions, the main condition, of the bond. The defendants have also submitted themselves to the jurisdiction, and the addition of the word "eastern" will be treated as surplusage.

One other objection has been stated, and that is that the order enlarging the time was granted on ex parte motion and affidavit, under section 405 of the Code of Procedure; that section 402, subd. 6, provides that no order to stay proceedings for a longer time than 20 days shall be granted by a judge out of court, except on notice to the adverse party. The words are "to stay proceedings,"—all proceedings evidently. An answer is a proceeding. Enlarging the time to answer does not stay a proceeding, nor does it in any sense stay or prevent any provisional remedy plaintiff may apply for. Sisson v. Lawrence, 25 How. Pr. 435. The complaints, as we have seen, were filed 25th January, 1894. The order for the extension of time to answer was made 5th February, 1894, and the time was extended to a day certain,—10th March, 1894. The petitions for removal were filed 24th February, 1894, and, the only ground for removal being diversity of citizenship, the state court at once lost jurisdiction. The defendants took no steps in bringing the matter before the state court until 20th March, 1894. The state court then gave its sanction to the bond and its approval of the petition. The records were filed in this court by plaintiffs March 23, 1894, and by the defendants 2d April, 1894. The cause comes into this court in the same plight in which it left the state court, and all orders therein of force before removal are of force here. Duncan v. Gegan, 101 U. S. 810. When the record was filed here, the time for answering had expired. The defendants had cut themselves off from any further extension of time in the state court, but could have filed their answers in the state court between the 5th and 24th February; and after the 24th February, 1894, they could at any time have filed in this court copies of the record, and given this court the right to act. The petition and bond, as we have seen, under the ground of removal, work the change of jurisdiction, independent of any

action on the part of the state court. Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58; Railroad Co. v. Koontz, 104 U. S. 5. The cause comes into this court undefended. It must be docketed, and be marked for trial. The answer may be put in on terms.

The motions to remand are refused. The defendants have leave to file their answers forthwith. Let the cases be called for trial at this term.

The special ground set up in the second of the cases heading this opinion is this: that the order enlarging the time was granted on the condition that the cause be docketed at that February term of the state court. But, before the answer was required, the cause was removed. This case, in principle, does not differ from the others, and will follow the same course.