## SQUIRE A. SEARS, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY et al., Appellants.

**Kansas City Court of Appeals, May 13, 1912.**

1. **REMOVAL OF CAUSES: Plaintiff's Right to Determine His Action: Petition.** Ordinarily in determining the right of removal of a cause from a state to a federal court, where a non-resident defendant is joined with a resident, on the ground that there is no joint cause of action, the plaintiff's petition will determine whether it is joint or not, as the plaintiff will be permitted to prosecute his action in his own way, subject, of course, to proceeding which the non-resident defendant may choose to take in the federal court.

2. ————: **Question of Law: State Court: Jurisdiction.** Where a non-resident defendant who has been joined in an action with a resident, seeks to remove the cause to a federal court, if his petition for removal, together with the pleading in the cause down to the time the petition for removal is filed, show, as a matter of law, that there is no right to a removal, then the state court may decide for itself in favor of its own jurisdiction.

3. ————: ————: ————: **Fraud: Place of Trial.** Throughout the federal decisions on the right of removal affirming the right of the plaintiff to bring his action as a joint one, even though he is mistaken, and to prosecute it in his own way, there is the proviso that he must do so in good faith, and if the petition for removal on its face shows the action is not joint and known to plaintiff not to be so, and that the joinder has been made for the fraudulent purpose of defeating jurisdiction in the federal court, that issue is only triable in the latter court.

4. ————: ————: ————: **Proper Petition: Jurisdiction: Trial.** If a proper petition for removal of a cause from a state to a federal court, is presented, which, on its face alleges facts which show that plaintiff has not a joint cause of action and that he has fraudulently stated as facts matters which he knew were not true, for the purpose of depriving the federal court of jurisdiction, the state court *ipso facto* loses jurisdiction, and should immediately transfer the cause to the federal court, that court having jurisdiction to try such issues.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller,* Judge.

Sears v. Railroad.

REVERSED AND REMANDED (*with directions*).

*Thos. R. Morrow, John H. Lathrop, Henry N. Ess, Jr., Jas. P. Gilmore* and *Robertson & Robertson* for appellant.

(1) A sufficient petition and bond for removal having been filed in due time by The Atchison, Topeka & Santa Fe Railway Company, it was the duty of the court below to proceed no further, except to make an order or removal, and all subsequent proceedings were *coram non judice.* Wecker v. Enameling Co., 204 U. S. 176; Donovan v. Wells Fargo & Co., 169 Fed. Rep. 363; Hunter v. Railroad, 188 Fed. Rep. 645; Shaver v. Milk Co., 185 Fed. Rep. 316; Reinartson v. Railroad, 174 Fed. Rep. 707; McAlister v. Railroad, 157 Fed. Rep. 740; Railroad v. McCabe, 213 U. S. 207. (2) After the evidence had all been introduced, and, at the close thereof, when the trial court directed the jury to return a verdict for the defendant, Wabash Railroad Company, and it returned such verdict, and said railroad company ceased to be a party to the suit, the case immediately then became one between the plaintiff and the defendant, The Atchison, Topeka & Santa Fe Railway Company alone, and, for the first time, became removable on diversity of citizenship alone, aside from separable controversy, and a sufficient petition and bond for removal having been filed at that time by the defendant, The Atchison, Topeka and Santa Fe Railway Company, the court should then have ordered the case removed to the proper Federal court. See authorities under point one; Powers v. Railroad, 169 U. S. 92; Remington v. Railroad, 198 U. S. 95; Fritzlen v. Boatmen's Bank. 212 U. S. 364; Guarantee Co. v. Hanway, 104 Fed. Rep. 369; Bailey v. Mosher, 95 Fed. Rep. 223. (3) In any view of the case, upon the entire record the plaintiff is not entitled to recover in this case. There was no obligation on the employees

of the appellant's train to flag the Wabash train which plaintiff was running as an engineer, and, even if the court should hold such duty did exist, and that there was a failure to perform it (which we deny), yet plaintiff was guilty of such contributory negligence himself that a recovery can not be had, notwithstanding any negligence there may have been in the preceding train not flagging his. Mason v. Railroad, No. 10095; Rinard v. Railroad, 164 Mo. 270; Railroad v. Hooker, 170 Fed. Rep. 154; Railroad v. Ship, 174 Fed. Rep. 353; Brown v. Railroad, 44 Wash. 1, 86 Pac. Rep. 1053; Whalen v. Railroad, 114 Mich. 512, 72 N. W. Rep. 323; Enright v. Railroad, 93 Mich. 409, 53 N. W. Rep. 536.

*M. J. Lilly* and *Phillips & Phillips* for respondent.

(1) The petition alleged a joint cause of action, and defendant was not entitled to removal, and defendant's right to remove depends upon plaintiff's petition. Railroad v. Willard, 220 U. S. 413; Wilson v. Oswego Township, 151 U. S. 56; Railroad v. Miller, 217 U. S. 209; Lanning v. Railroad, 196 Mo. 647; Stotler v. Railroad, 200 Mo. 107; Schwyart v. Barrett, 145 Mo. App. 347; Gold Company v. Keys, 96 U. S. 99; Bank v. Ford, 114 U. S. 635. (2) The liability of defendant, both as alleged and as proven, was joint. R. S. 1909, sec. 3079; Railroad v. Willard, 220 U. S. 413; Johnson v. Railroad, 203 Mo. 381; Railroad v. Breedens Admx. (Ky.), 64 S. W. 667; Clark v. Geer, 86 Fed. 451. (3) The fact that the court directed a verdict in favor of the resident, defendant, does not make the cause removable. Lathrop, Shea & Henwood Co. v. Const. and Imp. Co., 215 U. S. 246; Railroad v. Thompson, 200 U. S. 206; Railroad v. Scheegog, 215 U. S. 308. (4) If made jointly liable by statute they may be held without pleading the statute. Blair v. Heibel, 103 Mo. App. 633; Bowen v. Railroad, 118 Mo. 547; Camp v. Railroad, 94 Mo. App. 280. (5)

An allegation that resident and nonresident tortfeasors are sued for the purpose of preventing removal to the Federal court is not a sufficient allegation that the joinder was fraudulent. Railroad v. Sheegog, 215 U. S. 308; Schwyart v. Barrett, 145 Mo. App. 332.

ELLISON, J.—Plaintiff was an employee of the defendant Wabash Railway Company in the capacity of an engineer on one of its engines. He suffered personal injury in having one of his legs broken, by reason, as he charges in his petition, of the joint negligence of the Wabash Company and the other defendant, the Atchison, Topeka & Santa Fe Railway Company. There was a judgment for plaintiff in the trial court.

The petition charges the companies with operating lines of railway in this state. It then charges that these companies were "engaged jointly in operating their said railroads over joint track from Carrollton to Camden." It is then charged that plaintiff, while engaged as engineer in the service of the Wabash Company in pulling a train "over said joint tracks from Carrollton to Camden," said engine, by the negligence and "wrongful act and conduct of said defendants, their agents, servants, employees and officers, without fault on plaintiff's part, collided with a caboose or rear end of another train on said defendants' joint track in the possession of and under the control of defendants, and the two trains then and there . . . collided, and by reason of said impending collision plaintiff was placed in a position of great and imminent danger and in order to save himself from death or great bodily harm, jumped from said engine," whereby he was greatly injured. The petition then charges that his injuries were caused "by the negligence of defendants" and their agents, etc., in charge of the train with which the engine he was operating, collided, "in leaving said engine standing on said joint tracks with-

out sending a flagman back with stop signals to warn plaintiff of the presence of said train on said joint tracks.''

The Wabash Company is a resident corporation of Missouri and the Santa Fe is a resident corporation of Kansas. The latter company filed a motion to remove the cause to the United States Circuit Court on the ground of non-citizenship in this state, and that the cause of action was not joint and that the Wabash Company had been made a party and charged with joint liability with the fraudulent purpose of depriving it of the right to have the cause determined in the Federal court, thereby defeating that court of its proper jurisdiction. The petition for removal further stated that the matters set up in plaintiff's petition purporting to show a joint cause of action were false and known to be so when pleaded. It then proceeds to state what defendant states are the facts of the case, *known to plaintiff*, which show there was no joint cause of action.

If a non-resident is sued in a state court, he has a right to have the cause removed to the Federal court unless there is joined with him one or more defendants who are residents of the state. If that is done, as, for instance, in cases of joint liability, there is no right of removal. But if the joinder is fraudulently made and a joint cause of action untruly and fraudulently charged, for the purpose of depriving the Federal court of jurisdiction, it will not be allowed that effect and a removal will be had on the petition of the non-resident.

How and where are these matters to be determined? The character of the action is, in the first place, judged by the claim the plaintiff, in good faith, makes in his petition. The Supreme Court of the United States has said that ''A defendant has no right to say that an action shall be several which the plaintiff elects to make joint. A separate defense may de-

feat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to a final decision in his own way. The cause of action is the subject-matter in controversy, and that is for all purposes of the suit, whatever the plaintiff declares it to be in his pleading." [Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92; Alabama Southern Ry. v. Thompson, 200 U. S. 206; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413.] In the last two cases it is said that in determining the right of removal, "the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the Federal court." Therefore, if the petition for removal, together with the face of the record down to the time it is filed. presents a mere question of law, the state court may decide the question in favor of its own jurisdiction and proceed to judgment; leaving the non-resident his proper remedy by way of after application to the proper Federal court. [Burlington Ry. Co. v. Dunn, 122 U. S. 513; Chicago, B. & Q. Ry. Co. v. Willard, supra.]

But this is all based on the *assumption that plaintiff has acted in good faith,* even though mistaken. In the Thompson case, supra, maintaining the plaintiff's right to say for himself what his action is and to prosecute it in his own way, the court says: "It is to be remembered that we are not now dealing with joinders, which are shown by the petition for removal, or otherwise, to be attempts to sue in the state courts with a view to defeat Federal jurisdiction. In such cases entirely different questions arise." So, if the joinder is fraudulently made and a joint cause of action untruly and fraudulently charged, for the purpose of depriving the Federal Court of jurisdiction, it will not be allowed that effect and a removal will be had on the petition of the non-resident. Therefore, on the question of fraudulent purpose in the plaintiff in making the joinder, if the petition for removal tenders mat-

ters of fact, as an issue, the removal should follow, as of course, and that issue of fact tried in the Federal court. [Illinois Central R. R. Co. v. Sheehog, 215 U. S. 308, 316; Kansas City, Ft. S. & M. Ry. Co. v. Daughtry, 138 U. S. 298, 303; Carson v. Hyatt, 118 U. S. 279, 287; Stone v. South Carolina, 117 U. S. 430.] In the first of these cases it is said, that "there is no doubt that the allegations of fact, so far as material, in a petition to remove, if controverted, must be tried in the court of the United States, and therefore must be taken to be true when they fall to be considered in the state courts." And, in Carson v. Hyatt, it is said "that all issues of fact made upon the petition for removal must be tried in the circuit court. The state court is only at liberty to inquire whether, on the face of the record, a case has been made which requires it to proceed no further." A clear expression of the rule is given in Donovan v. Wells, Fargo & Co., 169 Fed. Rep. 363, 367, 368, wherein it is said that "This petition (for removal) when so made and filed performs the office, in many respects, of a pleading. If it fails to state facts sufficient to entitle the petitioner to a removal—in other words, if it is demurrable on its face—the state court may properly decline to order its removal, and it will not lose jurisdiction of the cause. But if it is not demurrable—if the facts, however inartificially stated, disclose the right of removal —jurisdiction is lost to the state court and is lodged in the Federal court. And to the same effect is Hunter v. Illinois Central R. Co., 188 Fed. Rep. 645.

In support of the trial court's refusal to transfer the case to the Federal court, we have been cited by plaintiff to Lanning v. Ry. Co., 196 Mo. 647, and Stotler v. Ry. Co., 200 Mo. 107, as well as to Schwyhart v. Barrett, 145 Mo. App. 332, decided in this court. But in each of those cases, while the word "fraudulently" was used in the petition for removal, yet the matters set out as cause for removal disclosed on the face of

the paper, as a matter of law, that there was no ground for removal,—thus coming within the rule we have already stated.

Tested by the foregoing rules, the petition in the present case must be held to have entitled defendant to an immediate removal of the cause. It states the cause of action to be severable and states the reasons why it is, which reasons are founded on certain facts therein set out in detail. It states that plaintiff knew these facts and that with such knowledge he has alleged in his petition a fictitious statement of matters as and for the facts of the case, upon which a joint liability is made out, and that all this was done for the fraudulent purpose of defeating the jurisdiction of the Federal court.

Undoubtedly the case should have been removed to the Federal court, the only tribunal with authority and jurisdiction to try the issues thus made by the petition for removal. The judgment is reversed and cause remanded, with directions to sustain the petition for removal to the Federal court. All concur.