Judgment will go for the defendant. Let findings of fact, conclusions of law and decree be settled and submitted under the Rule.

**FAIL v. AMERICAN FIDELITY & CASUALTY CO. OF RICHMOND, VA.**

Civil Action No. 1854.

District Court, E. D. South Carolina, Orangeburg Division.

Dec. 5, 1947.

Fred L. Hiers, of Bamberg, S. C., for plaintiff.

T. B. Bryant, Jr., of Orangeburg, for defendant.

WARING, District Judge.

■ This case is brought for personal injuries alleged to have been suffered by the plaintiff, a minor, who was a passenger in an automobile which came into collision with a bus operated by Service Coach Lines, Inc., on a public highway on August 10, 1947. The defendant, a non-resident corporation, is the surety on a liability insurance policy for Service Coach Lines, Inc., the policy being in the sum of $5,000 for the benefit of the public against damages of a personal nature by reason of acts of negligence on the part of the Service Coach Lines, Inc., the said policy having been furnished in compliance with the requirements of Section 8511 of the Code of South Carolina 1942, as amended. Under the law of South Carolina such an action may be brought either jointly with the insured or against the surety company alone, as here. The plaintiff is a resident of the State of South Carolina. The defendant by appropriate proceedings has removed the case to this court and the plaintiff has now filed a motion to remand.

■ The first ground is that the Federal Court does not have jurisdiction of the subject matter, it being argued that the surety bond is one required by a State statute and the State Courts alone would have jurisdiction of the enforcement. Numerous authorities are cited to show that the bond, being given for a public purpose, is to be construed according to the law of South Carolina. I am completely in accord with these views but cannot find any authority on which to found a holding that that will prevent the cause being removed from a State Court to a Federal Court, provided there is the requisite diversity of citizenship and the required amount in controversy. Both of these factors are present in this case. In my view, this ground of the motion is not worthy of further consideration.

But the other grounds for the motion to remand are interesting and present close questions. It is conceded by counsel in presenting this case that the suit was commenced by the proper service of a summons and complaint and that more than 20 days elapsed without the defendant serving and filing an answer in the State Court. After such 20 days elapsed, the plaintiff filed an affidavit of default and shortly thereafter defendant applied to the Court of Common Pleas for Bamberg County praying permission to answer on the ground of excusable neglect. It was stated in argument that there were several other suits arising out of this collision and the defendant when it received the copy of summons and complaint in this cause was under the impression that it was just another copy of one of the other suits and overlooked getting the pleadings to its legal representative in proper time. These matters were presented fully to the Honorable E. H. Henderson, Judge of the 2nd Judicial Circuit in the State of South Carolina. Judge Henderson by an appropriate Order held that there was excusable neglect and granted permission to the defendant to answer within 5 days, and within that time the defendant served upon plaintiff an answer and at the same time a notice of the removal proceedings.

■ Plaintiff resisted the motion of defendant to open the default, and I am informed that an appeal is being perfected to the Supreme Court of South Carolina. Of course it is not incumbent upon this court to pass upon the merits of the Order of Judge Henderson. From the brief outline of the facts presented, it would appear that he was amply warranted in granting the relief asked for but of course that is wholly and entirely a matter of discretion on his part and I accept his decision as the one best qualified to pass upon these matters.

The removal statute, Title 28, U.S.C.A. § 72, provides for removal "any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or

plead to the declaration or complaint of the plaintiff." Section 457 of the South Carolina Code of Laws 1942 provides:

"Defendant to demur or answer.—The only pleading on the part of the defendant is either a demurrer or an answer. It must be served within twenty days after the service of the copy of the complaint."

And in Section 495 it is provided that the court may "in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or, by an order, enlarge such time."

There appears to be a very wide difference of opinion amongst many of the Federal Courts as to whether or not an extension of time to plead, either by an order of the State Court or by agreement of the parties, will extend the time in which to file a petition and bond for removal to the Federal Court. The majority view seems to be distinctly against such an allowance and takes the strict and more narrow view of the matter that the language of Section 72, above quoted, is to be followed without qualification, and applying such a rule it would mean that in South Carolina appropriate proceedings for removal must be taken within the 20-day limit unless there is some rule of court allowing an extension. No such rule has been pointed out to me. But a number of other courts, among those being the Federal Courts in the South Carolina Districts, appear to hold that an extension of time in the State Court will operate not only therein but will be effective as to the time for removal to the Federal Court.

In the case of People's Bank v. Aetna Insurance Co., C.C., 53 F. 161, Judge Charles H. Simonton, then a District Judge and later a Circuit Judge and member of the Circuit Court of Appeals for the Fourth Circuit, held that a case might be removed from a State Court to a Federal Court where the attorneys, in accordance with a rule of the State Court, had entered into a written agreement which had been reduced to the form of an Order, by which an extension of time for answering or pleading was given. Quoting the language of the Supreme Court of the United States (Kansas City, Ft. S. & M. R. Co. v. Daughtry, 138 U.S. 298, 11 S.Ct. 306, 308, 34 L.Ed. 963) that "the application to remove must be made when the plea is due," the District Court went on to hold that the parties, acting under the authority of the laws and rules of the State Court of South Carolina, had agreed to an extension of time for pleading and that the petition for removal was filed two days before the end of such extension and so the case was removable.

The same Judge (then having become a Circuit Judge) some years later again passed upon this removal question in the case of Wilcox & Gibbs Guano Co. v. Phoenix Ins. Co., C.C., 60 F. 929, 930. In that case suit was commenced in the Common Pleas Court for Charleston County, South Carolina, and before the expiration of the 20-day limit, a Judge of the State Court extended the time for filing answers; and before the expiration of this extended time petitions for removal into the Federal Court were filed. The question arose as to construction of the statute and whether the extension of time was effective not only for answering in the State Court but for removal into the Federal Court. Reference was made to the case of People's Bank v. Aetna Ins. Co., supra, and having been requested by counsel the court reconsidered the entire matter, and filed an interesting and able opinion. It was pointed out with considerable citation of authority that under the laws of the State of South Carolina a defendant is required to plead within 20 days, but that a court may extend this time under a statutory provision providing that the time for pleading in an action "may be enlarged * * * by a judge of the circuit court." And the court argues that until that period has elapsed, the defendant is not in default and the test of the question for removal is when the defendant comes into default. "Under the laws of South Carolina, if a defendant, during the 20 days after service of the complaint, obtain no order enlarging the time for making defense, he will be in default * * * but, if he have an order enlarging that time, he is not in default until the end of the time allowed him." Pages 930, 931 of 60 F. And the court holds that the right of re-

moval has not been lost under those circumstances and again, at page 932 of 60 F., it is said:

"The period is that within which the defendant is required—within which it is necessary or indispensable for him—to answer or plead. This period the laws of the state leave, in some measure, within the discretion of the judge; and the defense is due (Railroad Co. v. Daughtry, 138 U.S. 298, 11 S.Ct. 306, [34 L.Ed. 963]) at the end of the time allowed by the judge under the provisions of the law."

The foregoing holdings appeal to me as inserting the proper rule of reason in construing the requirements of the federal removal statute and I would be prone to follow this rather than the stricter rule which seems to have been followed in many more jurisdictions, not only because it is more reasonable and appears to be in conformity with true justice and discretion, but because of the fact that this rule has been enunciated by a Judge of this court and of the Fourth Circuit who has been for many years looked to as one of the leading jurists of the federal judiciary, whose opinions are held in and entitled to the greatest of respect.

 But the situation in the case at bar is not the same as that in the cases above quoted from and referred to. In this case, *a default had occurred.* The 20 days had passed and nothing had been done by the defendant during that time; and under the laws of the State of South Carolina the plaintiff was entitled to obtain a judgment because of such default. It is true that there is a statute (above quoted from) that alleviates this hardship upon a proper showing, and in this case defendant made what apparently was such a showing because Judge Henderson granted the prayer for relief and allowed the defendant to come in and plead, but this was opening a default not granting an extension. It was done in the exercise of the sound discretion of the trial court under the terms of a statute passed to relieve such hardships. Judge Henderson had a right to grant relief to this defendant in the State Court but I do not think that he had any power to create a right given under the Federal statute. The time to answer had elapsed without any extension by agreement of counsel, order of court, or rule of court, and the defendant was in default. The doors to both the State and Federal Courts had been closed upon it because it had not done what the State or the Federal statutes require. Judge Henderson had the power to, and did, open the door of the State Court because of what appeared to be a great hardship, but that did not open the door of the Federal Court, and I am constrained to hold that the defendant, having lost its right to remove by reason of lapse of time, could not have this right restored to it, or rather re-created for it, by an order of the State Court. A large number of cases in different jurisdictions have been cited which I have examined with interest, but find it unnecessary to cite in detail. Most of them will be found collected in the excellent notes appended to the Federal removal statute. See Title 28 U.S.C.A. § 72 and the numerous notes following.

In accordance with the foregoing views, the motion to remand is granted and the cause is returned to the Court of Common Pleas for Bamberg County for further proceedings therein.