LOCKHART *v.* MEMPHIS & L. R. R. Co. *et al.*

*(Circuit Court, W. D. Tennessee. February 14, 1889.)*

1. REMOVAL OF CAUSES—APPLICATION—TIME OF FILING.
    If the party entitled to judgment by default for any failure of his adversary to file his pleading within the time prescribed by the Tennessee Code fail to enter judgment for the default, the opposite party may file the pleading at any time, indefinitely, as a matter of right, without application to the court to enlarge the time; wherefore a petition for removal to the federal court is filed in time, under the act of March 3, 1887, if filed before or at the time the defendant files his plea to the declaration or complaint, although the original time allowed by Code has expired, as the right of removal is co-extensive with the right to plead, in such a case.

2. SAME—SHERIFF'S RETURN—AMENDMENT.
    If the plaintiff have leave to amend a sheriff's return showing parties to have been served, not before so appearing on the record, this necessarily extends the defendant's time for pleading indefinitely, under the Tennessee practice, and the time for removal is likewise extended, since he cannot be compelled to plead in such a case, within the statutory limit, under the penalty of a forfeiture of his option of removal if he do not waive the irregularity, and remove or plead.

3. SAME—PLEAS IN ABATEMENT.
    If the defendant file pleas in abatement to the writ within the time limited by the Tennessee Code for filing pleas, or within any subsequent time belonging to him as a right because of the failure of the plaintiff to take a default for want of a plea, or because of an order of the court allowing time to plead, this extends indefinitely the time for pleading to the declaration or complaint, and until the pleas in abatement are disposed of, and the right of pleading to the declaration or complaint has expired, the right of removal lasts. If, then, neither an order of the court nor any general rule of practice fix some time

as a limit for further pleading, the right of removal continues as long as the right to plead lasts, and a removal petition is in time, filed at or before the time of pleading to the declaration or complaint.

On Motion to Remand.

*Turley & Wright,* for the motion.

*W. G. Weatherford, contra.*

HAMMOND, J. The declaration in this case was filed March 21, 1888, within the first three days of the term to which the writ was returnable, and strictly in accordance with law and the practice of the court. Thomp. & S. Code Tenn. 4238; Mill & V. Code Tenn. 5010. The defendants, by the next succeeding section of the Code, had "the first two days after the time allotted for filing the declaration" to appear and demur or plead; "otherwise the plaintiff may have judgment by default," says the same section. Thomp. & S. Code Tenn. 4239; Mill & V. Code Tenn. 5011. But they did not do this, nor did the plaintiff take any judgment by default, nor was any step taken by either party until April 25, 1888, when the defendants—still during the appearance term—filed a plea in abatement to the writ, and asked that it be quashed. On the 28th of April the plaintiff filed an affidavit, and on his motion the sheriff was allowed to amend his return so as to show that he had served the summons upon one Jones, not only as the agent of the defendant company, but also as the agent of other defendants named in the writ as trustees of that company. In this condition of the record the March or appearance term of the court adjourned on the 18th day of May, 1888, and during the next succeeding May term, on the 1st day of June, 1888, the trustees so named filed their plea in abatement, whereupon, on June 5th, the plaintiff filed his demurrer to the last-mentioned plea, and a replication to the first-mentioned plea in abatement, denying its averments. On the 2d of July, 1888, the court sustained the plaintiff's said demurrer, and by the order of the court the "said defendants are allowed to plead further to plaintiff's declaration." But on the 7th day of July, 1888,—still during the May term,—the removing defendants filed their petition and bond for removal to this court, and on the 11th day of July an order was entered in that court that the case be removed. This motion is now made to remand solely on the ground that the petition for removal was not filed within the time required by the act of congress of March 3, 1887.

By the third section of that act the time designated for filing the petition to remove is thus defined:

"He may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for removal," etc. (24 St. 554;) Act Aug. 13, 1888, § 3, (25 St. 435.)

It seemed to me at first that it was entirely clear that this petition was not in time, and that it should have been filed within or before the two days allowed to the defendants to plead by the section of the Tennessee

Code already quoted, but a careful examination of the record, and an investigation of the state practice, has convinced me to the contrary. In the first place, the defendant who filed this petition, the defendants Dow, Matthews, and Morgan, described as trustees of the defendant railroad company, were not before the court at that time. At least, by plaintiff's own confession in pleading, the return of the sheriff as originally made did not show them to have been served with process, and the amendment making that showing was not allowed or made for more than a month after the time to plead had expired. He could not then have shown by the return, as it stood, that he was entitled to a judgment by default; and, if he could not take judgment by default, surely there was no compulsion on the defendants to plead, although they may have been served in fact. The order allowing the amendment of the return says it shall relate back to the date of the original return, but this could not act retroactively to put the defendants in default at that time, and impose on them a compulsion to plead before the amendment was made, or to fix a limitation upon the privilege of removal by expiration of time to plead under these sections of the Code, which did not exist without the amendment. The plaintiff could, by more speedily amending the return, have put the record in a condition to have given him the right to proceed at that time to judgment by default; but this he did not do, and it does not appear that, within the first five days of the term allowed by the section of the Code under consideration for filing their pleas, the defendants were "required" to answer or plead, to use the language of the federal statute for removals. They were not bound, I should say, to waive the defective return, and to plead, thereby incurring the duty of applying for removal within those days, under penalty of forfeiting their option of removal to the federal court. Indeed, the Code does not seem to be imperative that the plea shall be filed within those five days, or not at all, without some leave of the court enlarging the time, as was the fact in the Nevada case cited by counsel,—*Wedekind* v. *Southern Pac. Co.*, 36 Fed. Rep. 279. We know that such is not our practice, but that without any leave of the court, and as a matter of right, the parties may, on either side, go on with their pleading, even after default, until the adversary party objects by some motion to take advantage of the default, and this advantage must be taken before the defaulting party has cured the defect by pleading in fact; and unless the advantage sought to be taken of the default be strictly pursued, it is always considered as waived; or, in other words, pleading on either side is a matter of right with us, notwithstanding any default as to time of filing the plea, at any time before there is a judgment upon the default which stops that right. ·Pleadings are never stricken from the files, or rendered otherwise nugatory, because they are not filed within the times prescribed by these sections of the Tennessee Code, or because the previous leave of the court to file them has not been had, nor are they filed, when so out of strict time, by any indulgence of the plaintiff, or consent of his, or by any indulgence of the court, or by its leave; not at all, but always as a matter of right, as long as the other

side does not choose to take a default strictly according to his right to do that thing, and he cannot take it in any other way but strictly. Defaults are *strictissimi juris* with us, and no pleader needs to apply to the court for relief against them until his adversary has in fact taken advantage of his default, or is about to do so, and even then, on good cause shown, the court may "enlarge" the time for pleading, or "excuse" the failure to plead within the time prescribed. Thomp. & S. Code Tenn. 4241; Mill. & V. Code Tenn. 5013. This has always been the practice of the state, founded in the common law, encouraged by legislation, by the courts, and in every way, in practice. It is perhaps the main cause for delays in pleading, for adversaries are not quick to press defaults; and if, as in other states, the failure to file a pleading in time were made self-acting,—self-executing,—so that no relief could be had except upon good cause shown to the court, and the courts should be strict in that regard, then promptness in pleading and procedure would be a necessity. But this has not been our habit, and the right to plead at any time before default extend into judgment is a fixed right in our practice, and this will explain why the cases cited from other states construing this section of the act of congress in its relation to the time of filing the petition for removal may often not apply to this case. Elsewhere the general rule may be that it requires an order of the court to enlarge the time of pleading, but with us the reverse is the rule, and it requires an order of the court declaring the default to close the privilege of pleading at will, so far as relates to the time of pleading, at least. It is scarcely necessary to cite authorities for this statement of the practice, but it may be first observed that the language of the Code itself bears it out. The penalty for not filing a declaration within the first three days of the term is that, "upon motion of the defendant," the suit may be dismissed, and for not filing the plea within the next two days, that the plaintiff "may have judgment by default," and if either party fails to plead at each subsequent step within two days, it is "on penalty of having the suit dismissed, or judgment taken by default;" and no other consequence whatever is declared or provided for by the statutes themselves. Thomp. & S. Code Tenn. 4238–4241; Mill. & V. Code Tenn. 5010–5013. Judge Caruthers, in his "History of a Lawsuit," from which we all take our first lessons in practice in this state, traces the steps, and describes the practice, as I have indicated. Caruth. Lawsuit, §§ 97, 171, 172, 278. He says, in speaking of the failure of the defendant to move for a judgment by default for want of a declaration filed in time: "Until it is done, the plaintiff may at any time file his declaration." Id. § 171. Again, describing the practice of calling the plaintiff out before taking judgment by default for want of a declaration, he says: "As he is called to come and file his declaration, it would seem that he might come and file it, although he had neglected to do it before. It would seem to be a mockery to call him to do a thing, and then not let him do it." The same practice, of course, applies to defaults by the defendant. To show the antiquity of this practice, and that it is such a legal right that it is error to deprive the party in default of his privilege of filing his pleading at

any time before the entry of a judgment upon the default, may be cited: *Findley* v. *Johnson*, 1 Overt. 344; *Turner* v. *Carter*, 1 Head, 520; *Byrd* v. *Bank*, 2 Swan, 43.

The local rules of practice in the court from which this case comes, cited by counsel in his brief for defendants, which fix the motion days upon which defaults may be taken, are based on this settled practice, which on the whole may be said to be contrived so that he who would take advantage of a default in the time of filing a pleading shall do it only at certain fixed times, when the one in default may have an opportunity to resist the application for cause, if he have not in the mean time filed his pleading. Moreover, these sections of the Code do not require pleas "to the declaration or complaint" to be filed within the time limited by them, only, or at all, if the defendant has any defense by motion to dismiss, by demurrer, by plea in abatement, or other dilatory plea like these. It is only in the absence of such dilatory or preliminary defenses that these sections can be said to fix a time within which a plea "to the declaration or complaint" is due, and consequently to fix a time by which the right of removal is limited under this act of congress. If the dilatory or preliminary pleas be filed, the Tennessee Code is obeyed, and the "requirement" of that statute is answered; but the kind of pleas mentioned in the act of congress, and the time for filing them, remain subject to the future exigencies or contingencies arising in the progress of the case. Under such a practice, which has been detailed with fullness to exhibit the force of what is about to be said, it is quite difficult to determine just when the time for removing a case must expire under this new act of congress, even when considered in its simplest form, without relation to the complications appearing in this case, arising out of the character of the pleas, as pleas in abatement to the writ, and as not being in any strict sense pleas to the declaration; for it will be observed that the act of congress does not limit the time by any other character of pleading than one "to the declaration or complaint of the plaintiff"—whatever that may mean; whether in the broad sense it intends to describe any kind of pleading in the suit and to require the removal to be made substantially, as the act of 1789 did, "at the time of entering his appearance in such state court," (Act 1789, c. 20, § 12, 1 St. 79;) or to describe only pleas in a technical sense, as contradistinguished from demurrers and the like, which, while going to the declaration, are not pleas; and as contradistinguished from pleas in abatement, which, while they are pleas, are only to the writ, and not to the declaration or complaint. I have been inclined to think that the authors of this act of congress meant to use the phrase "to answer or plead to the declaration or complaint of the plaintiff" in the broad sense just mentioned, and not the other, for it does not very obviously appear why the distinctions of the other and stricter sense mentioned should be observed in this matter; but the departure from the act of 1789, which has been always acknowledged and characterized as a masterpiece of legislation, expressing with precision its exact meaning, is too plainly conspicuous to admit of that construction. If this new act intended to restore the

obviously uniform and wise regulation of the act of 1789, that the defendant should determine once for all when he first came into the state court whether he would make his defense there or exercise his right of removal, it could not have used any language so exactly expressing that intention as that of the act of 1789 itself; but, not doing this, we must interpret the language used in this very indefinitely expressed and obscure act as best we may, according to the practice in each state.    It is also quite clear that it did not intend to allow the latitude of time permitted by the act of 1875 for removal "before or at the term at which said cause could be first tried, and before the trial thereof." Act March 3, 1875, § 3, (18 St. 470.)    Why the defendant should be allowed in the state court to take any dilatory procedure preliminary to the plea to the declaration,—as a plea in abatement to the writ, a demurrer to the declaration, etc.,—before any limitation for the right of removal should operate, may not be quite so clear, but that he is allowed to do so seems plain enough.    This court held in *Gavin* v. *Vance*, 33 Fed. Rep. 84, 92, that the filing of an answer prematurely—that is, before the time specifically fixed by statutes or rule of court—did not terminate the right of removal, and that a removal petition filed before the time allowed for pleading had expired was in time; and it was intimated that the expiration of that time would terminate the right of removal.    This is true, however, only in the general sense.    Whenever there is fixed, whether by statute, rule of practice, or a special order in the particular case, a specified time to plead, the termination of that time closes the right of removal.    But where there is no specified or fixed time operating to close the right of pleading, the right of removal lasts as long as the right of pleading does, and that time which closes the one, closes the other. When, therefore, the defendant does not plead within the time mentioned in the sections of the Tennessee Code already cited as giving the plaintiff the right to a judgment by default, and the plaintiff does not choose to proceed against him for the default in the manner allowed by the practice, the time to plead is *ipso facto* enlarged indefinitely, and he may file the petition for removal at any time before he pleads in fact, or simultaneously along with his plea, but not afterwards, I should think; because the language of the act of congress is, "at the time, or any time before, the defendant is required by the laws of the state," etc.   If he file the petition along with his plea, he is within the time required, because by his own act of pleading he fixes a time which before was indefinite and unspecified by a day certain; but likewise by that act he terminates his right to plead by himself fixing the limitation upon it, and along with it he fixes the limitation of his right to remove.    So his petition for removal must not be filed after his plea, or it is too late.    In *Gavin* v. *Vance, supra,* the answer that was filed, and which was held not to terminate the right of removal, was filed before the time which was fixed by a day certain to plead, which is not the case here.    As long as some particular time, which is specified as the time within which the plea is allowed, lasts, the language of this act of congress already quoted operates *ex vi termini* to keep open the right of removal; but, when no time is

anywhere specified, necessarily, it must close with the act of pleading itself, and the removal petition must be filed either before or at the time of pleading to the declaration.

This disposes of the case, unless the filing of the pleas in abatement terminated the right of removal under this ruling. But it is plainly manifest that they did not. However it may be elsewhere, in Tennessee a plea in abatement is not a plea "to the declaration or complaint of the plaintiff,"—to use again the language of the act of congress. It goes to the writ only, and in this case challenged the truth of the return of the sheriff. If the decision be in favor of the plea, the writ, and of course, along with it, the declaration, abates; but, if the decision be against the plea, the judgment is always, as it was in this case, *respondeat ouster*, and the defendant is allowed further time to plead to the declaration,—generally a specified time named in the order of the court, though in this case no time was fixed. The very object of the plea was to determine the fact whether the writ and its service required the defendants to plead to the declaration, and there can be no doubt under our practice that the defendants were not required to plead to this declaration until their plea in abatement was disposed of, and then, both by this particular order of the court, which failed to fix any limit of time for pleading, and by the usual practice, they had an indefinite time to plead the declaration, after the demurrer to the plea in abatement had been sustained. Caruth. Lawsuit, §§ 183, 186, 187; *Morgan* v. *McCarty*, 3 Humph. 147; *Robb* v. *Parker*, 4 Heisk. 58, 70; *Battelle* v. *Rolling Mill Co.*, 16 Lea, 355, 365, 368. If the order allowing the defendant to plead over had fixed a day certain within which to plead, or if the rules of practice in such a case should fix a day certain, that day's ending would terminate the right of removal, unless the time were previously enlarged. But neither of these conditions existed, and the removal was in time. Motion overruled.