HEWITT *v.* STOREY *et al.*

(*Circuit Court, S. D. California.* September 23, 1889.)

CORPORATIONS—ACTIONS BY AND AGAINST.

Code Civil Proc. Cal. § 388, provides that "when two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name." *Held,* that a bill to enjoin interference by defendants with complainant's alleged right to divert water from a stream, against the "South Fork & Sunnyside Division of the Santa Ana River." which, it appears, is an association formed and existing pursuant to the laws of California, is sufficient, without making the owners and stockholders thereof parties.

In Equity. On bill and answer.

*Rowell & Rowell* and *John Albright,* (*A. W. Thompson* and *Brousseau & Hatch,* of counsel,) for complainant.

*Curtis & Otis* and *Byron Waters,* (*R. E. Houghton,* of counsel,) for defendants.

Ross, J. Certain of the defendants to this suit having by amended answers objected to the amended bill of complaint that it is defective for want of parties, the cause was, on motion of complainant, set down for argument on those objections, pursuant to equity rule 52, and the objections, having been argued by the respective parties, are now to be determined. The purpose of the suit on complainant's part is to establish as against the defendants his alleged right to 333⅓ inches of the water of the Santa Ana river, measured under a 4-inch pressure, diverted at a certain specified point by means of a certain ditch, called the "Berry Roberts Ditch," and to obtain an injunction enjoining defendants from interfering therewith. To the original as well as the amended bill a large number of persons are made defendants, as also certain corporations, among them the North Fork Water Company, and a certain association, styled the "South Fork & Sunnyside Division of the Santa Ana River," which is sued as, and alleged to be, an association formed and existing pursuant to the laws of the state of California, and "composed of some or all of the aforesaid defendants and other persons unknown to your orator," and transacting business under that name in San Bernardino county, in which county the water in dispute is situated. The bill, as amended, alleges that on and after March 10, 1869, certain named persons, under and by virtue of the laws of the state of California, acquired by appropriation 500 inches of the water of the Santa Ana river, measured under a 4-inch pressure, which they diverted at a certain

named point by means of a certain ditch, known as the "Berry Roberts Ditch," and that the complainant subsequently acquired from those appropriators 333⅓ inches of said water, measured under a like pressure, with the right to divert the same at the same point through the same ditch. The bill, as amended, further alleges that at the time of the construction of the Berry Roberts ditch, and of the appropriation under which the complainant claims, the defendant corporation, the North Fork Water Company, or its predecessors in interest or grantors, and the defendant association, the South Fork & Sunnyside Division of the Santa Ana River, or its predecessors in interest or grantors, were the owners of two certain other ditches commencing in said river and conveying water therefrom, and were the only persons who had acquired any right to the use of the water of the Santa Ana river prior to the right of complainant and of those under whom he claims; that the rights of the said named defendants were acquired by them, or by their predecessors in interest, by prior appropriation, under and in pursuance of the same laws of the state of California, and extended only to the amount of 200 inches of water, measured under a 4-inch pressure, for each of the last-named ditches. It is further alleged in said amended bill that the Santa Ana river is an unnavigable stream of running water, flowing through sundry wild canons or ravines in the San Bernardino mountains, and emerging therefrom into the San Bernardino valley through the mouth of a steep ravine at or near its eastern boundary; that from time immemorial the waters of the said river have been, and are now, for many miles above and below the head of the Berry Roberts ditch, held and owned exclusively by right of appropriation, and used generally for the purpose of irrigation; that the land of the complainant lies in the said valley, and, in common with certain lands of the defendants, is incapable of cultivation without water; that at certain dry seasons of the year the said river contains at and between the head of the Berry Roberts ditch and the mouth of the ravine aforesaid little more than sufficient water to supply the above-mentioned prior appropriators and complainant with the quantity of water to which they are respectively entitled, but does at all times contain sufficient to supply the said prior appropriators and complainant to the extent of their respective rights.

The amended answers, referred to herein, among other things, deny that the North Fork Water Company and the South Fork & Sunnyside Division of the Santa Ana River are only entitled to 200 inches each of the water of the Santa Ana river, but, on the contrary, aver the said named company and association to be entitled to the entire flow of the water of the river, measured at a point about two miles above the head of the Berry Roberts ditch, and which water, it is averred, is owned by said company and association in equal proportions, and is in the aggregate greatly in excess of 1,000 inches, measured under a 4-inch pressure. And the said amended answers further aver that the amended bill is defective for want of proper parties defendant in this: that certain named persons and corporations, who now are, and at the time the original bill was filed were, owners and shareholders in the South Fork & Sunnyside

Division of the Santa Ana River, are not made parties defendant to said amended bill, and that certain other named persons, who were made parties defendant to the original bill, and who were owners and shareholders in said South Fork & Sunnyside Division of the Santa Ana River, have died since said original bill was filed, and that their legal representatives, who now are owners and shareholders in said South Fork & Sunnyside Division of the Santa Ana River, are not made parties defendant to the amended bill.

This statement embraces such portions of the pleadings as are necessary to be stated for the determination of the point now made. The question is whether all of the owners and shareholders in the South Fork & Sunnyside Division of the Santa Ana River—which is alleged in the bill and admitted by the answers to be an association formed and existing pursuant to the laws of California, and transacting business under that name in the county of San Bernardino, where it has its place of business—are necessary parties to the suit. The circumstance that some of the persons made defendants are alleged to be shareholders in the association does not affect the question. The complainant, by his bill, does not seek to avail himself of the rule that applies where the parties are too numerous to be brought before the court or where the question is one of common or general interest of many persons. The allegation that certain of the defendants are shareholders in the association may be disregarded if it be true, as contended by complainant, that all of the shareholders are suable by the common name under which it is alleged and admitted they associated themselves and are doing business. In controversies concerning the title to real property the federal court always administers the law as if it was sitting as a local court of the state. *Olcott* v. *Bynum*, 17 Wall. 57; *Slaughter* v. *Glenn*, 98 U. S. 244. The nature of the property in controversy here is such as to make the same rule applicable. Now, by section 388 of the Code of Civil Procedure of California it is provided that "when two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability." In this case the association in question was sued by its common name, the South Fork & Sunnyside Division of the Santa Ana River, and as such appeared and answered, putting in issue the averments of the bill respecting its alleged interference with the complainant's rights, and respecting the quantity of the water of the Santa Ana river to which it is entitled. It is the acts of the association, as such, of which the complainant, among other things, complains, and it is the rights of the association, as such, that are, among other things, put in issue by the pleadings. A decree favorable to the association would inure to the benefit of all of its members, and one adverse to it would, in my judgment, bind all of them. Objections disallowed.