## TURNER v. ILLINOIS CENT. R. CO.

(Circuit Court, W. D. Tennessee. May 3, 1893.)

### No. 118.

REMOVAL OF CAUSE—TIME TO PLEAD OR DEMUR—TENNESSEE PRACTICE.

Under Mill. & V. Code Tenn. §§ 5010, 5011, which require the plaintiff to file his declaration within the first three days of the term to which the writ is returnable, and the defendant to appear and plead or demur within the first two days thereafter, the plea or demurrer is due, in the absence of a rule of the court, on or before the fifth day of the term, and applications to remove after that day, in the absence of an order or rule of court extending the time, are too late.

At Law. On motion to remand to the state court. Granted.

Statement by HAMMOND, J.:

This was an action at law by W. C. Turner, administrator, etc., against the Illinois Central Railroad Company, commenced in the circuit court of Gibson county, at Trenton, Tenn., for the recovery of $30,000 damages from defendant for negligently causing the death of plaintiff's intestate, who was an express messenger upon a passenger train which collided with a freight train. The teste of the original writ, under the practice of the Tennessee courts, was the "fourth Monday in September, A. D. 1891," but it was issued November 30, 1891, and commanded the sheriff to summon defendant to appear before that court "on the fourth Monday in May next," to answer, etc., and it was duly served on January 6, 1892. The caption of the declaration is, "May term, 1892," and it was filed on May 4, 1892, before the fourth Monday of May, which was May 23, 1893. On Monday, May 30th, defendant filed its pleas, and on the same day its petition and bond for the removal of the suit to the circuit court of the United States at Jackson, Tenn., and the transcript was duly filed in the federal court. The plaintiff moved to remand the suit to the state court, because the petition and bond for removal were not filed in the state court "at the time, or at any time before, the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," under section 3 of the act of congress of March 3, 1887, as amended by the act of August 13, 1888, (24 Stat. 552; 25 Stat. 435.) There is no rule of the Gibson county circuit court on the subject, and the state statutes pertaining thereto appear as follows, in Mill. & V. Code: "Sec. 5010. The declaration of the plaintiff shall be filed within the first three days of the term to which the writ is returnable; otherwise the suit may, upon motion of the defendant, be dismissed at plaintiff's cost. Sec. 5011. The defendant shall appear and demur or plead within the first two days after the time allotted for filing the declaration; otherwise the plaintiff may have judgment by default. Sec. 5012. The plaintiff and defendant shall, within the first two days after each subsequent step taken by the other in making up an issue, demur or plead thereto, on penalty of having the suit dismissed, or judgment taken by default, according as the failure is by the plaintiff or defendant. Sec. 5013. The court may, however, enlarge the time for pleading, upon application of either party, in proper cases, or excuse the failure to plead within the time prescribed, upon good cause shown." These provisions are found in Thompson & Steger's Tennessee Code as sections 4238-4241.

Neil & Deacon, for the motion.
Rankin & Rhodes, opposed.

HAMMOND, J., (after stating the facts as above.) As we understand the ruling in Railroad Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. Rep. 306, the statute in Tennessee requiring the plea or

demurrer to be filed within two days after the time allotted for filing the declaration makes the plea or demurrer due, in the absence of a rule of court, before the expiration of the fifth day of the term; hence all applications to remove after the fifth day, in the absence of an order or rule of court extending the time to plead, come too late. Motion granted.