## LEWIS v. CINCINNATI, N. O. & T. P. RY. CO.

(Circuit Court, E. D. Tennessee, S. D. May 16, 1910.)

No. 1,072.

1. REMOVAL OF CAUSES (§ 79*)—PETITION—TIME FOR FILING.

Under Act Cong. March 3, 1875, c. 137, § 3, 18 Stat. 471, as amended by Act Cong. Aug. 13, 1888, c. 866, § 1, 25 Stat. 435 (U. S. Comp. St. 1901, p. 510), authorizing filing of a petition for removal when or before defendant is required to answer or plead, and under Code Tenn. 1858, §§ 4238–4240 (Shannon's Code, §§ 6076–6078), requiring a declaration to be filed within the first three days of the term to which the writ is returnable, and requiring defendant to plead within two days after the time for filing the declaration, petition for removal was filed in time, where it was filed within two days after plaintiff filed the declaration, where the declaration was not filed until January 10th, though the writ was returnable to the January term, which commenced January 3d.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 141–146; Dec. Dig. § 79.*]

2. REMOVAL OF CAUSES (§ 49*)—SEPARABLE CONTROVERSIES—PLEADING—CONSTRUCTION.

A declaration against a nonresident railway company and a resident employé does not show a separable controversy as affecting plaintiff's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right to have the cause remanded to the state court, where it alleges joint and concurrent negligence of the defendants in operating cars, and charges affirmative negligence of both defendants in leaving a side track in defective condition, resulting in the collision.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*

Removal of causes, separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Meike v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

3. REMOVAL OF CAUSES (§ 36*)—SEPARABILITY OF CONTROVERSY—DETERMINATION.

In determining whether a declaration against a nonresident and a resident states a separable controversy as affecting a federal court's jurisdiction on removal, the cause of action must be taken as that which plaintiff alleges it to be in his pleading; but the declaration is not conclusive where the nonresident claims that the latter was joined in bad faith solely to prevent a removal, and if, upon inquiry by the federal court, it appears that the resident defendant was joined solely to defeat removal, the cause will be held to be removable, as though he had not been joined.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

4. REMOVAL OF CAUSES (§ 107*)—WRONGFUL JOINDER OF RESIDENT DEFENDANT—TRIAL OF ISSUE.

An issue whether a resident defendant was wrongfully joined with a nonresident to avoid removal of the cause to a federal court is triable in the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 107.*

Fraudulent joinder of parties to prevent removal, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

5. REMOVAL OF CAUSES (§ 107*)—WRONGFUL JOINDER OF RESIDENT DEFENDANT—TRIAL OF ISSUE.

An issue of fact as to whether a nonresident defendant was wrongfully joined to prevent removal of the cause to the federal court is triable on affidavits and counter affidavits.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 230; Dec. Dig. § 107.*]

At Law. Action by Elizabeth Lewis against the Cincinnati, New Orleans & Texas Pacific Railway Company. On plaintiff's motion to remand cause to state court. Order directed.

Williams & Smith, for plaintiff.
Pritchard & Sizer, for defendant.

SANFORD, District Judge. [1] 1. I am of the opinion that as the plaintiff's declaration was not filed in the State Court until January 10, 1910, although the writ was returnable to the January Term, which commenced on January 3d, the petition for removal which was filed in the State Court by the defendant Railway Company within two days after the plaintiff filed her declaration, to wit, on January 13th, was filed within the time provided by the Act of Congress.

The Act of Congress provides that a defendant may file his petition for removal in the State Court "at the time, or any time before the defendant is required by the laws of the State or the rule of the State Court in which such suit is brought to answer or plead to the

declaration or complaint of the plaintiff." Act of March 3, 1875, c. 137, § 3, 18 Stat. 471, as amended by the act of August 13, 1888, c. 866, § 1, 25 St. 433.

The material provisions of the Tennessee code are contained in sections 4238 to 4240 (Shannon, §§ 6076 to 6078). They are as follows:

Sec. 4238. "The declaration of the plaintiff shall be filed within the first three days of the term to which the writ is returnable, otherwise the suit may, upon motion of the defendant, be dismissed at plaintiff's cost."

Sec. 4239. "The defendant shall appear and demur or plead within the first two days after the time allotted for filing the declaration, otherwise the plaintiff may have judgment by default."

Sec. 4240. "The plaintiff and defendant shall, within the first two days after each subsequent step taken by the other in making up an issue, demur or plead thereto, on penalty of having the suit dismissed or judgment taken by default according as the failure is by the plaintiff or defendant."

Construing these three sections together, I think it is clear that under section 4239 a defendant is not required to demur or plead to the plaintiff's declaration within the first five days of the term to which the writ is returnable unless the plaintiff has within that time filed his declaration, there being obviously nothing to which he could demur or plead, and that where the plaintiff's declaration is not filed until a latter date, the defendant then has, under the statutes and in accordance with the well settled practice in Tennessee, two days in which to demur or plead before being subject to a judgment by default. Morrison's Tennessee Pleading & Forms, 13.

While it is true that after the expiration of the first three days of the term, the defendant may, if he so elects move to dismiss the suit on account of the plaintiff's failure to file the declaration in time, yet this is optional on his part, and if he does not elect so to do, there is clearly no obligation on his part to demur or plead until after the declaration is filed; since he could not then plead or demur to the declaration even if he so desired. Under these code sections until the suit is dismissed for failure to file declaration, or at least until a motion to that effect is made, the plaintiff may file his declaration at any time. Caruthers, Hist. Lawsuit (3rd Ed. s. 79, p. 162); Lockhardt v. Memphis & L. R. R. Co. (C. C. W. D. Tenn.) 38 Fed. 274, 277. And where the plaintiff's declaration is not filed in time, as the defendant cannot put in his defense thereto at an earlier time, there being no declaration on file to be answered, it becomes a matter of right on the part of the defendant to plead to the declaration when filed, without obtaining leave of the court. Turner v. Carter, 1 Head (Tenn.) 520, 522. "But when a party is entitled to an extension of time under the State statutes or rules of the Court, as of right, he is not required by statute or rule, to plead or answer before that time, and hence it enlarges his time to file a removal petition." 2 Rose's Code Fed. Proc. p. 1052.

This being so I think it immaterial in the present case whether or not the fact that the State Court adjourned on the first day of the term prevented the defendant Railway Company under the practice or the rules of the Court from moving to dismiss the suit for failure to file the declaration within the first three days of the term, since

even if the Court had been in session there would have been no obligation on the defendant to move to dismiss, and the defendant itself was not in default under the Tennessee statutes or required to plead or demur to the declaration before it had been in fact filed. Hence as the Acts of Congress only require the defendant to file the petition in removal at or before the time when by the State statute it is required to answer or plead to the declaration or complaint, and as it filed its petition for removal within the two days after the declaration was filed, the petition was filed in time within the provisions of the Acts of Congress and the Tennessee Statutes.

I find nothing contrary to this view in the case of Kansas City, F. S. & M. R. R. Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963, which involved the very different proposition that where the plaintiff had filed his declaration in time but the defendant was in default in failing to plead within two days, the mere failure of the plaintiff to take the judgment by default against the defendant did not extend the defendant's time for filing the petition for removal. This conclusion was based upon the idea that as the defendant did not plead at the time when the plea was required from it under the State Statute, its petition for removal came too late, not having been filed within the time when under the State Statute it was required to plead to the declaration. The result of this decision seems to be that the time when the defense is due and the defendant becomes in default furnishes the test as to the time in which the defendant may file his petition for removal. Wilcox & Gibbs Guano Co. v. Insurance Co. (C. C.) 60 Fed. 929, 931. In fact this decision emphasizes by necessary implication the idea that a defendant has the right to remove so long as the time has not expired within which his defense is due, and that so long as he is not in default under the State Statutes, he may file his petition for removal.

It is true that a different result was reached by Judge Clark in the manuscript opinion in the case of John M. Scruggs v. Alabama G. S. R. Co., but as it appears that the opinion in that case was rested upon a different ground, dealing principally with the question as to whether or not the defendant was required to file a petition for removal on the ground of a separable controversy before the separable controversy had been disclosed in the declaration, and that Judge Clark's attention was apparently not directed to the precise question now under consideration, no mention being made in his opinion of the provisions of the Tennessee statutes hereinbefore cited, or construction placed thereon, I cannot regard this opinion as controlling upon the precise question here presented and considered.

[2] 2. As to the ground of the motion to remand, that the record shows no separable controversy entitling the defendant Railway Company to a removal, I am of the opinion that the declaration on its face does present a joint right of action against all the defendants, and does not show a separable controversy. Without determining whether if the declaration had averred only acts of non-feasance on the part of the defendant Smith, this would, under the doctrine of Kelley v. R. R. Co. (C. C.) 122 Fed. 286, show no right of action against the defendants jointly, I am of the opinion that the declaration does not

allege merely non-performance of duty on the part of Smith, but on the contrary avers in general terms, the joint and concurrent negligence of Smith in the operation of the defendant's cars, and also specifically avers in the second count the affirmative negligence of both defendants in tearing up a part of the side track and leaving it in a defective condition, as a result of which the collision was produced.

[3] 3. I am of the opinion, however, that in the present state of the record, the motion to remand cannot be granted for the reason that the defendants' petition for removal is based not merely on the allegation of a separable controversy, but also on the ground that the defendant Smith was wrongfully joined as a defendant as a sham and device for the purpose of defeating the right of the Railway Company to remove the case to this Court.

While it is well settled that in determining whether or not there is a separable controversy, "in the absence of a showing of fraudulent joinder," the cause of action must be taken as that which the plaintiff alleges it to be in his pleadings (200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, and cases cited), it is equally well settled that the averments of the declaration are not conclusive where the nonresident defendant, as a ground for removal, attacks the bona fide character of the averments of the declaration in reference to a local defendant and avers that such local defendant was joined as a party defendant in bad faith for the sole purpose of preventing a removal to this court, and that if upon inquiry by the Federal Court it is established to the satisfaction of the Court that the averments in the declaration in reference to the local defendant were not made in good faith, but such defendant was joined for the sole purpose of defeating the removal to the Federal Court, the case will be held to be removable as though such local defendant had not been joined. Louisville Ry. Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 474; Chesapeake Ry. Co. v. Dixon, 179 U. S. 131, 138, 21 Sup. Ct. 67, 45 L. Ed. 121; Alabama Ry. Co. v. Thompson, 200 U. S. 206, 208, 26 Sup. Ct. 161, 50 L. Ed. 441; Wecker v. Enameling Company, 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430; Dow v. Bradstreet Co. (C. C.) 46 Fed. 824, 828; Warax v. Ry. Co. (C. C.) 72 Fed. 637, 641; Hukill v. Railway Co. (C. C.) 72 Fed. 745, 754; Landers v. Felton (C. C.) 73 Fed. 311; Durkee v. Ry. Co. (C. C.) 81 Fed. 1.

[4] The answer filed by the plaintiff in the State Court to the petition of removal in this case denied the allegations of the petition as to the wrongful joinder of Smith as a defendant.

The petition and answer thus raise an issue of fact which, it is well settled, is triable in this Court. Kansas City, F. S. & M. R. R. Co. v. Daughtry, supra; Wecker v. Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430. And while properly speaking, such answer should have been filed in this Court, yet, without objection it may be so treated, or if objected to on that ground, it may be now refiled in this Court.

[5] It results that until a determination of the issue of fact as to the wrongful joinder of the defendant Smith, final action cannot be had on the plaintiff's motion to remand. If counsel agree, this issue

of fact may be submitted to me upon affidavits and counter affidavits. Wecker v. Enameling Co., supra. Otherwise a day may be fixed for a hearing as to this issue, upon depositions and such oral testimony as may be presented at the hearing. If counsel cannot agree as to such date, application may be made to me by either party, on due notice, to fix the date and place for such hearing.