# MUNICIPALITY OF CAYEY, Complainant,
## *v.*
# CARLOS ORMAECHEA, Dft.

San Juan, Equity, No. 981.

### ON MOTION TO REMAND.

Removal of Case—Stipulation.

    1. Where after appearance in the local court the parties by stipulation, with the consent of the court, continued the hearing of the case, whether or not either party waives his right to remove the case to the Federal court depends upon the construction of the stipulation.

Removal of Case—Stipulation—Order of Court.

    2. While it is not clear whether or not the parties may extend by stipulation the time in which to remove a case from a local court to the Federal court, the time may be extended by an order of the local court.

Transcript of Record—Filing.

    3. Where the transcript of the record is not filed in this court within thirty days after the filing of the petition to remove a case from a local court, whether or not the case will be remanded is to be decided by this court in the exercise of its discretion.

Opinion filed November 18, 1916.

*Mr. Pedro Gomez Laserre* for complainant.

*Mr. Frank Antonsanti* for defendant.

HAMILTON, Judge, delivered the following opinion:

The question comes up whether the case has been properly

removed and whether there is any ground for remanding it. It is governed by § 29 of the Judicial Code of the United States [36 Stat. at L. 1095, chap. 231, Comp. Stat. 1916, §. 1011] and subsequent sections, providing for remands in proper cases.

As I understand the facts, the petition or original pleading in this case was filed May 15, and, under the law, the defendant would have until May 29 to answer. On May 26, before the time expired, a stipulation was entered into, as follows:

Come now the plaintiff by his attorneys Fernandez Garcia and Marcos Morales, and the defendant by his attorney Juan Hernandez Lopez, and set forth:

That the plaintiff and the defendant have agreed to ask this Honorable Court to adjourn the hearing of the above-entitled cause, and the injunction filed by the plaintiff in connection therewith, for further setting.

It has been further agreed between the defendant and the plaintiff, that whatever rights the defendant might exercise against the said plaintiff, on account of the adjournment of both cases, are hereby waived, and that the same shall be proceeded with just the same as if no such adjournment had been made.

The plaintiff and the defendant submit the above stipulation for the approval of the court.

Cayey, P. R., May 26, 1916.

Signed: Juan Hernandez Lopez,
Attorney for the plaintiff.
Fernandez Garcia & Marcos Morales,
By Miguel Marcos Morales,
Attorneys for the plaintiff.

Cayey v. Ormáechea.

The hearing of the case was adjourned by the following order:—

Guayama, P. R., May 29, 1916.

In view of the foregoing motion, the hearings set for this day on the suit to recover possession and the order to show cause are adjourned until June 20, 1916, at 9 A. M., and let the parties be notified for their knowledge and compliance, the restraining order to remain in the meantime in full force and effect.

Signed: J. A. Lopez Acosta, District Judge.

On June 13, that is, within the period of extension, there was filed the motion to remove from the local court to the Federal court. The motion was filed and at the same time the bond was given which is provided for in § 29. In point of fact, the transcript was not filed in this court until several weeks after the thirty which are provided for. These are substantially, I think, the facts. The question is, What is the proper procedure of the court upon these facts?

1. It is probably unnecessary to determine the contention made on the words of the stipulation, that is, that it amounted to a submission to the jurisdiction of the local court for all purposes. This may be so, but it is not clearly an argument that there could be no recourse had to the Federal court in a proper way. What would be the effect if the parties agreed to a continuance on the distinct understanding that the case was to be tried in the original court, and that there should be no removal, need not now be decided. Whether counsel can waive the rights of clients to this extent is not before us. It is unquestionably true that the legislature could not do this for litigants. A law providing that a defendant corporation seeking

IX. Porto Rico.—14.

to remove a case to the Federal court thereby forfeits its charter has been held to be unconstitutional. Donald v. Philadelphia & R. Coal & I. Co. 241 U. S. 329, 60 L. ed. 1027, 36 Sup. Ct. Rep. 563. This would be as illegal as to tax an agency of the United States for state purposes, as held in M'Culloch v. Maryland, 4 Wheat. 316, 4 L. ed. 579. In the case at bar, however, there arises only a construction of an agreement, and it is only necessary to say that its phraseology cannot be held to mean that either party waived any right of recourse to the Federal court.

2. It is contended that the time for removal cannot be extended by a stipulation, and to this effect is cited Prado v. Central San Cristobal, 5 Porto Rico Fed. Rep. 600, decided by Judge Rodey, long the judge of this court. The same view is taken in Martin v. Carter, 48 Fed. 596, and see also Schipper v. Consumer Cordage Co. 72 Fed. 803, a New York case. The decision in the latter case, however, has been changed in the New York district court in consequence of a change in the wording of the rule, as noted by Judge Lacombe in Mayer v. Ft. Worth & D. C. R. Co. 93 Fed. 601.

The statute says that the removal must be within such time as the statute or rule of court allows for answer; and this depends, therefore, to some extent upon the wording of the local rule. The principle is given in Kansas City, Ft. S. & M. R. Co. v. Daughtry, 138 U. S. 298, 34 L. ed. 963, 11 Sup. Ct. Rep. 306, as being that the removal can be had up to the time that the answer is due. In the case at bar the point is not whether the stipulation can extend the time. In point of fact, the time was extended by an order of court, and there is nothing to show that this order was not in accordance with the rules of court. Indeed not only is it the presumption that it was under

Cayey v. Ormáechea.

a rule, but the universal practice is for the court to grant such extensions on proper showing. It has been held that the court cannot extend the time for removal upon a stipulation. Daugherty v. Western U. Teleg. Co. 61 Fed. 138, 139. But this case seems to stand alone. To the contrary are Simonson v. Jordon, 39 Fed. 721, from New York; Lockhart v. Memphis & L. R. Co. 38 Fed. 274, from Tennessee; Rycroft v. Green, 49 Fed. 177, from New York; People's Bank v. Ætna Ins. Co. 53 Fed. 161, from South Carolina; Turner v. Illinois C. R. Co. 55 Fed. 689, from Tennessee; Chiatovich v. Hanchett, 78 Fed. 193, from Nevada. The time is extended by not taking a default in Tennessee. Lockhart v. Memphis & L. R. Co. 38 Fed. 274.

It is not necessary, therefore, to pass upon the point decided by Judge Rodey; that is, that a stipulation by itself cannot extend the time. The case at bar is one of extension by an order of court, and it is the law that the time is extended in such case.

3. The third point is that the transcript was not filed within thirty days after the petition for removal, as is provided in § 29, and that therefore the case should be remanded. As to that, the suggestion I made in the argument still seems to be persuasive, if not conclusive. It is this: When a party seeks a removal he is required at the same time to file a bond, a part of the condition of which is that he will file a transcript within thirty days. A bond is for something. It is not simply an ornamental piece of paper; and it must mean that, if the removing party does not file it within thirty days, the aggrieved party may sue on the bond, laying damages, because the rule has not been complied with. If the law meant that the nonfiling of the transcript within thirty days remanded the case, there would

.Cayey v. Ormáechea.

be no use of the bond.   The case would go right back.   It would
be functus officio in the Federal court.   St. Paul & C. R. Co.
v. McLean, 108 U. S. 212, 27 L. ed. 703, 2 Sup. Ct. Rep. 498,
seems to say that it is discretionary with the.court to remand if
the transcript has not been filed within thirty days.   If that be
so, and it would seem to be so, the discretion of this court would
be exercised not to remand, but to say that the party who has
been in default must be responsible for some costs.   The cost
of the transcript does not become a part of the costs of the case.
I suppose the defendant has paid for it to start with, and the
order of the court will be that the case remain here and the party
who failed to file the transcript within thirty days must pay
$10 for his default in not filing it in time, the $10 to go to the
other side.