## ALLEN v. SEWANEE FUEL & IRON CO.

(District Court, E. D. Tennessee, S. D. September 13, 1917.)

No. 1331.

1. **Constitutional law** ⊃56, 106—Legislature may provide for terms of court.
   Acts Tenn. 1915, c. 18, § 2, as amended by acts 1915, c. 140, § 1, providing that in the Sixth judicial circuit, composed of Hamilton county, there should be opened and held 12 appearance terms and 3 trial terms, is not unconstitutional, as the Legislature is empowered to provide such terms as it deems requisite; future litigants having no vested rights as to procedural matters.

2. **Removal of causes** ⊃79(2)—Petition must be filed within two days, though declaration filed out of time.
   Under Shannon's Code Tenn. §§ 6076, 6077, requiring a plaintiff to file his declaration within the first three days of the term to which process

⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is returnable, and defendant to answer within two days thereafter, and the established state practice by which plaintiff may file his declaration later as of right unless a motion to dismiss has been interposed, where a plaintiff so filed his declaration later in the term, defendant *held* required to file a petition for removal within two days thereafter.

At Law. Action by W. H. Allen against the Sewanee Fuel & Iron Company. On motion to remand to state court. Granted.

Action at law brought by plaintiff, a citizen of Tennessee, in the Circuit Court of Hamilton County, Tennessee, May 23, 1917, against the defendant corporation, a citizen of Alabama. Declaration filed June 14, 1917. Petition for removal on ground of diversity of citizenship filed by defendant June 25, 1917. Removal denied by the Circuit Judge, July 16, 1917, on the ground that the petition was filed too late. A transcript of the proceedings in the State court having been subsequently filed by the defendant in the Federal Court, the plaintiff moved to remand the cause to the State court. Motion granted.

Tatum, Thatch & Lynch, of Chattanooga, Tenn., for plaintiff.
Moore & Darwin, of Chattanooga, Tenn., for defendant.

SANFORD, District Judge (after stating the facts as above). [1] 1. By sec. 2 of the Tenn. Acts of 1915, ch. 18, p. 40, as amended by sec. 1 of ch. 140 of said Acts, p. 398, it was provided that in the 6th Judicial Circuit, composed of Hamilton County, there should be opened and held twelve appearance terms, beginning on the first Monday in each month, to which all process, except final, should be returnable, and at which issues should be made up under the rules of practice then provided by law; and three trial terms, on the first Monday in January, May and September. I see no reason to doubt the constitutionality of this statute; the Legislature being authorized, as I view it, to provide for such terms of court and practice in the courts of the several counties, as it may deem requisite to meet local needs, and future litigants having no vested rights in reference to such procedural matters which were thereby impaired.

[2] 2. The process in this suit was issued in the State court on May 23, 1917, returnable to the first Monday in June, the first day of the next appearance term. Having been served on May 25th, more than five days before the return day, the plaintiff was required, under sec. 4238 of the Tennessee Code (Shan. 6076), to file his declaration within the first three days of the appearance term, that is, by June 6th. Had this been done, the defendant would have been required, under sec. 4239 of the Code (Shan. 6077), to plead within the next two days, and hence, under sec. 29 of the Judicial Code (U. S. Comp. St. § 1011), to file a petition for removal within such time. The declaration was not, however, filed until June 14th. No motion to dismiss was made in the meantime by the defendant; although it was so entitled under sec. 4238 of the Code, supra. Under the established practice in Tennessee until the suit had been dismissed for failure to file the declaration, or at least until a motion to that effect had been made, the plaintiff was entitled

to file his declaration at any time, as of right. Caruth. Hist. Lawsuit (3d Ed.) sec. 79, p. 162; Lockhart v. Memphis Railroad (C. C.) 38 Fed. 274, 277. The defendant's right to move to dismiss is cut off by such filing of the declaration. Morison's Tenn. Plead. & Pract. 13. This rule of practice is not in conflict with Morrow v. Malone, 5 Sneed (Tenn.) 642, in which the plaintiff's application for leave to file the declaration was not made until after the defendant's motion to dismiss had been made. The plaintiff's declaration having thus been filed as of right on June 14th, in default of a previous motion to dismiss, I am of opinion that under the spirit, if not the letter, of sec. 4239 of the Code, and in accordance with the well established practice prevailing in the courts of Tennessee, the defendant was required to plead within two days thereafter. Morison's Tenn. Plead. & Pract. 13. And see sec. 4240 of the Tennessee Code (Shan. 6078). And under the express terms of sec. 29 of the Judicial Code, it was necessarily required to file its petition for removal within the same time. Having, however, failed so to do, and not having filed its petition for removal until several days thereafter, the petition for removal came too late. Kansas City Railroad v. Daughtry, 138 U. S. 298, 303, 11 Sup. Ct. 306, 34 L. Ed. 963; Lewis v. Cincinnati Ry. (D. C.) 192 Fed. 654, 657. I am hence of the opinion that the defendant's petition for an order of removal was properly denied by the learned Circuit Judge in the State court.

An order will accordingly be entered granting the plaintiff's motion to remand the suit to the State court.