## WHITSON *v.* SOUTHERN RY. CO.

*(Knoxville,* September Term, 1945.)

Opinion filed October 13, 1945.

NATHAN ORRIS HALE, of Knoxville, for plaintiffs in error, plaintiffs below.

CHAS. H. SMITH, of Knoxville, for defendant in error.

MR. JUSTICE NEIL delivered the opinion of the Court.

These two cases involve the same legal question. They were brought in the Circuit Court of Knox County to recover damages for personal injuries. On December 17, 1942, the plaintiff filed a pauper's oath and caused a summons to issue and be served on the agent of the Southern Railway requiring the defendant to appear "on the first Monday of January next next to answer Mrs. Ivy Whitson in an action to her damage two thousand nine hundred ninety-nine dollars and ninety-nine ($2,-999.99) cents." On the second day of the January Term, 1943, which was January 5, 1943, the plaintiff in each case moved the court to be allowed thirty days' additional time within which to file her (and his) declaration, and said motion was granted. The thirty days' extension was about to expire without plaintiff having filed a declaration and thereupon plaintiff moved the Court to be allowed thirty-one days' additional time within which to prepare and file her declaration, which motion the court granted.

No declaration was filed, and no steps were taken in these cases until June 9, 1944, when the defendant

Southern Railway moved the trial court to dismiss the suit "because the plaintiff did not within the first three days of the January term, 1943, to which the summons was returnable, and has not yet, filed a declaration as required by Section 10331 of the Code of Tennessee."

Within a few days after this motion was filed, to-wit, June 12, 1944, the plaintiff, without the permission of the court, filed a declaration. When the motion came on to be heard, it is reasonable to suppose that the trial court was informed of the action of plaintiff's counsel in filing the declaration. The trial judge, however, sustained the defendant's motion to dismiss, and later overruled a motion for a new trial.

There was an appeal allowed to this Court. The only error assigned is the following:

"The learned trial judge erred in dismissing this suit for failure of plaintiff to file her declaration, because her declaration had been filed, on June 12, 1944, which was six days before he sustained the motion to dismiss on June 17, 1944, the basis of said motion being that the plaintiff had not filed her declaration."

The time within which a plaintiff may file a declaration, as a matter of right, is "within the first three days of the term to which the writ is returnable." It may be filed later, without objection of defendant, and the trial court may grant additional time within which to file it. Code section 10331 reads as follows:

"The declaration of the plaintiff shall be filed, if not earlier filed, within the first three days of the term to which the writ is returnable, otherwise the suit may, upon motion of the defendant, be dismissed at plaintiff's cost."

This Code section expressly requires that plaintiff shall file his declaration within the first three days. If not so filed the defendant may move to dismiss the

suit. Of course, the trial court may, upon proper application, or upon his own motion, extend the time of filing the declaration. But if the three day period has expired and no declaration has been filed, the trial judge may upon motion of defendant dismiss the plaintiff's suit. *Morrow* v. *Malone et al.*, 37 Tenn. 642. See also *Allen* v. *Sewanee Fuel & Iron Co., D. C.*, 268 F. 219, 220, wherein the court said:

"Under the established practice in Tennessee until the suit had been dismissed for failure to file the declaration, or at least until a motion to that effect had been made, the plaintiff was entitled to file his declaration at any time, as of right. Caruth Hist. Law Suit (3d Ed.), Sec. 79, p. 162; *Lockhart* v. *Memphis Railroad, C. C.*, 38 F. 274, 277. The defendant's right to move to dismiss is cut off by such filing of the declaration. Morrison's Tenn. Plead. & Prac. 13. This rule of practice is not in conflict with *Morrow* v. *Malone,* 5 Sneed (Tenn.) 642, in which the plaintiff's application for leave to file the declaration was not made until after the defendant's motion to dismiss had been made."

 Where the plaintiff files his declaration after the motion to dismiss is made, as in the instant case, the trial court has authority to dispose of the case on defendant's motion. We have examined the authorities cited by appellant, viz., *Lockhart* v. *Memphis & L. R. R. Co., C. C.*, 38 F. 274; *Lewis* v. *Cincinnati, N. O. & T. P. R. Co., C. C.*, 192 F. 654; and *Turner* v. *Carter,* 38 Tenn. 520. These cases do not support the contention of appellant that "until a motion to dismiss is sustained,' the plaintiff may file his declaration." They hold that until a motion to dismiss is filed the plaintiff may file his declaration. The case of *Morrow* v. *Malone, supra,* followed by Judge SANFORD in *Allen* v. *Sewanee Fuel & Iron Co., supra,* con-

trols the case now before us. In that case the summons was returnable to the January term of Court, 1858. On account of the absence of the judge, no court was held at the January term and consequently the plaintiff's attorney did not file a declaration. At the May term following, the defendants moved to dismiss the suit for the want of a declaration, which was resisted by plaintiff who then asked leave to file his declaration supported by the affidavit of his attorney discussing the reason as above stated for his failure to file his declaration at the proper time. The trial judge dismissed plaintiff's suit and on appeal the Supreme Court affirmed the judgment below.

The record in the instant case shows that the plaintiff did not ask the court for leave to file a declaration, or for an extension of time within which to file it. It was filed with the clerk more than a year after the writ was returnable, to-wit, January, 1943, and after the defendant had moved the court to dismiss the case. We think the court was not in error in sustaining the defendant's motion. No reason was given for the long delay in not filing the declaration. The trial judge, considering this unexplained delay and apparent negligence in failing to file a declaration, was clearly justified in sustaining the defendant's motion to dismiss even though the declaration had been filed before the court acted on the motion.

The assignment of error is overruled and the judgment of the trial court affirmed.